

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN WILHOITE and JUDITH WILHOITE, derivatively on behalf of TuSimple Holdings, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>XIAODI HOU, MO CHEN, CHENG LU, GUOWEI "CHARLES" CHAO, and HYDRON, INC.,<br><br>Defendants.<br><br>-and-<br><br>TUSIMPLE HOLDINGS, INC.,<br><br>Nominal Defendant. | Case No.: 3:23-cv-02333-BEN-MSB<br><br>**ORDER:**<br><br>**(1) STAYING CASE PENDING RESOLUTION OF APPEALS; AND**<br><br>**(2) EXTENDING TEMPORARY RESTRAINING ORDER** |

## I.   BACKGROUND

**A. Factual Background**. The facts of this particular case have been outlined extensively in the parties' briefing and summarized in previous Orders. This Order assumes familiarity with the factual background of this case.

**B. Procedural Background.** This case involves a lengthy procedural history. Below is a summary of filings and arguments pertinent to the issue of this Court's jurisdiction pending TuSimple's appeals to the Ninth Circuit.

1. Original TRO. Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") on January 5, 2024. ECF No. 8. TuSimple opposed Plaintiffs' TRO motion raising two arguments relevant here: Plaintiffs were not likely to succeed on the merits because: (1) Plaintiffs brought suit in contravention of a valid forum selection clause; and (2) Plaintiffs had not demonstrated "demand futility[,]" a preliminary requirement to proceed with a derivative lawsuit under Delaware law. ECF No. 28.[1]

After briefing and a hearing, the Court issued the original TRO on January 23, 2024. ECF No. 36 ("TRO"). The TRO did not address the merits of TuSimple's forum selection clause argument, indicating it did not "directly relate to the merits of [Plaintiffs'] DTSA claim" and that "the Court may address TuSimple's [FSC] arguments in considering the briefing already underway related to TuSimple's motion to dismiss." *Id.* at 5-6. The TRO's duration was set for forty-five (45) days and was set to expire March 8, 2024. *Id.* at 8.

The TRO also ordered Defendant TuSimple to produce, within fourteen (14) days, "documents sufficient to show the location of TuSimple's trade secrets" and "documents sufficient to identify any proprietary information and/or intellectual property belonging to TuSimple that has been disclosed or transferred to Hydron." *Id.* at 7.

2. The Discovery Dispute. On February 9, 2024, Plaintiffs filed an *ex parte* motion to compel TuSimple to produce certain documents. ECF No. 70. Plaintiffs argued that TuSimple had not searched for or requested documents in China, in violation of the

---

[1] TuSimple filed its motion to dismiss the same day it filed its Opposition to the TRO. *See* ECF Nos. 27-28. The motion to dismiss raised the FSC and demand futility arguments in greater detail.

2

expedited discovery ordered by the TRO. *Id.* at 4. The Court referred this motion to Magistrate Judge Michael Berg. ECF No. 77. After a hearing on March 7, 2024, Judge Berg ordered TuSimple to "search for documents located in China that are responsive to the January 23, 2024 Order and produce any such documents by April 22, 2024." ECF No. 122.

3. Preliminary Injunction Hearing. The Court held a preliminary injunction hearing on March 12, 2024. ECF No. 129. Plaintiffs indicated while they felt they could succeed on the evidence in their possession, TuSimple had not yet produced any responsive documents from China. ECF No. 131, ("Hrg. Trans.") at 19:20-25. The Court agreed that a more developed record would assist the Court evaluating Plaintiffs' motion. *Id.* at 68:11-14. The Court indicated it would extend the TRO thirty (30) days and allow Plaintiffs to depose certain individuals as an alternative means of developing the record. *Id.*[2]

On March 13, 2024, the Court modified and extended the TRO. ECF No. 130 ("March 13 TRO"). The March 13 TRO modified four of the original TRO's conditions, generally lessening some restrictions on transfers of assets outside of the United States. *Id.* at 3. The March 13 TRO extended the duration an additional twenty-seven (27) days and was set to expire April 8, 2024. *Id.* at 4.[3]

4. TuSimple's Interlocutory Appeals & Further TRO Extensions. On March 15, 2024, TuSimple filed a Notice of Interlocutory Appeal. ECF No. 135. The Notice of Appeal cited the March 13 TRO, and "all prior rulings incorporated within the [Order]."

---

[2] Plaintiffs also requested a longer extension to accommodate completion of the (disputed) document discovery. *Id.* at 68:19-23. The Court was skeptical of this request in view of the ordered depositions. *Id.* at 68:24-25.

[3] This was the second time the TRO was extended; the first extension was only four (4) days to accommodate a change in the date of the preliminary injunction hearing (from March 8th to March 12th). *See* ECF No. 115.

*Id.* at 1.[4] On March 20, 2024, TuSimple filed a document with the Ninth Circuit describing the case and the basis for its appeal. *See* Case No. 24-1608, Dkt 7.1 at 2. TuSimple "anticipate[d] challenging at least: (1) the district court's implicit finding that Plaintiffs demonstrated a likelihood of success because: (a) TuSimple's forum selection clause requires suit be brought in the Delaware Court of Chancery, (b) Plaintiffs have not established standing to sue derivatively, and…(4) the district court's conclusion that expedited discovery was appropriate." *Id.*

On March 26, 2024, the Ninth Circuit denied TuSimple's motion to stay the March 13 TRO and related orders. Case No. 24-1608, Dkt. 16.1 at 2. The Ninth Circuit also denied the Plaintiffs' request to dismiss the appeal for lack of jurisdiction without prejudice. *Id.* Finally, the Ninth Circuit granted the request to expedite the appeal. *Id.*

On March 28, 2024, Plaintiffs filed an *ex parte* motion to extend the TRO and reset the supplemental preliminary injunction briefing schedule to accommodate the depositions ordered at the preliminary injunction hearing. ECF No. 152. The next day, Judge Berg held a discovery conference regarding the depositions ordered by the Court at the preliminary injunction hearing. ECF No. 154. On March 29, 2024, the Court extended the TRO an additional twenty-one (21) days. ECF No. 160 ("March 29 TRO"). The March 29 TRO was set to expire April 29, 2024. *Id.* TuSimple filed its second Notice of Interlocutory Appeal citing the March 29 TRO extension and "all previous orders" connected therewith. ECF No. 161 at 1.

5. Appeal Jurisdiction Briefing. On April 3, 2024, the Court ordered parties to brief the issue of the Court's jurisdiction given the scope of TuSimple's appeal arguments. ECF No. 169. The briefing was completed on April 11, 2024. *See* ECF Nos. 180-181, 186-187.

---

[4] This same day, TuSimple filed a motion to set aside Magistrate Judge Berg's March 7th Order on the parties' discovery dispute. *See* ECF No. 134.

1    On April 17, Plaintiffs filed another *ex parte* motion to extend the TRO. ECF No. 190. Plaintiffs requested an additional fourteen (14) day extension of the TRO, again citing the need to complete the depositions ordered at the preliminary injunction hearing. *Id*. at 1. The Court granted this motion on April 22nd, extending the TRO fourteen (14) days. ECF No. 194 ("April 22 TRO"). The April 22 TRO re-set the preliminary injunction hearing to May 13, 2024. *Id*. at 2. TuSimple filed a third Notice of Interlocutory Appeal citing the April 22 TRO. ECF No. 200.

On May 9, 2024, the Court continued the Preliminary Injunction hearing to June 10, 2024, and extended the TRO a further twenty-eight (28) days in order to accommodate the change of hearing. ECF No. 216 ("May 9 TRO"). TuSimple filed a fourth Notice of Interlocutory Appeal regarding the May 9 TRO. ECF No. 217. All four appeals have been consolidated at the Ninth Circuit. *See* Case No. 24-1608, Dkt. 45. The Ninth Circuit is currently considering hearing oral argument on all four appeals in September 2024. *Id*. at Dkt. 39.

6. Current Pending Motions. The Court has eight (8) substantive motions currently pending in this case. First, TuSimple's motion to dismiss, filed in January 2024. ECF No. 27. Second, Plaintiffs' motion for preliminary injunction, filed in February 2024, which has undergone supplemental briefing. ECF No. 73, 208, 215. Third, TuSimple's motion to set aside Magistrate Judge Berg's order regarding responsive documents in China. ECF No. 134. Fourth, Defendant Charles Chao filed a motion to quash service and dismiss the complaint. ECF No. 32. Finally, Defendants Cheng Lu, Mo Chen and Xiaodi Hou have each filed motions to dismiss. *See* ECF Nos. 172, 184, 234.

## II.   LEGAL STANDARDS & DISCUSSION

### A. Court's Jurisdiction & Stay Pending Appeals

The Court must now determine whether it retains jurisdiction to rule on any of the pending motions, or whether, as Defendant TuSimple argues, the interlocutory appeals have divested all jurisdiction from this Court.

In general, an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The principle outlined in *Griggs* was a judge-made rule to "promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Res. Def. Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). An exception to this jurisdictional transfer principle was that "[t]he district court retain[ed] jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council*, 252 F.3d at 1166. This exception was codified by Federal Rule of Civil Procedure 62(c). *Id.* Notably this exception "does not restore jurisdiction to the district court to adjudicate anew the merits of the case[,]" and the district court may not "materially alter the status of the case on appeal." *Id.* (citations omitted). "The status quo is measured at the time the appeal is filed." *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F.Supp.3d 1065, 1072-73 (E.D. Cal. 2016) (citing *Natural Res. Def. Council*, at 1166).

In *Coinbase Inc. v. Bielski*, the Supreme Court applied *Griggs* in the arbitration context. 599 U.S. 736 (2023). The Court ruled the district court was required to stay pretrial and trial proceedings during an appeal from an order denying a motion to compel arbitration. *Coinbase*, at 741-42. The Court reasoned, "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741.

TuSimple argues that the principle articulated in *Coinbase* is applicable here because an arbitration clause is essentially just a "specialized kind of forum selection clause." Because the forum selection clause and derivative standing issues are central to TuSimple's appeals, TuSimple argues *Coinbase* directs this Court to stay the entire case pending resolution of these appeals. Plaintiffs argue *Coinbase* in inapposite because the mandatory stay contemplated by the Supreme Court applies to a statutory provision of the

Federal Arbitration Act, which allows a party to appeal a district court's denial of a motion to compel arbitration. The Supreme Court commented:

> "[U]nlike § 16(a) arbitrability appeals, Congress has not created a right to an interlocutory appeal for cases involving forum selection clauses. So, a stay in the forum selection context could be required only in those cases where there is a certified 1292(b) interlocutory appeal of the forum selection clause issue."

*Coinbase*, 599 U.S. at 746. Plaintiffs also argue that TuSimple's appeals are improper because the forum selection clause and derivative standing issues are not yet ripe, and accordingly the Court is not divested of any jurisdiction.[5] This argument is not without logical appeal given the original TRO declined to address the merits of TuSimple's forum selection clause arguments.[6] Nonetheless, these are the issues being briefed and under consideration at the Ninth Circuit. Given the above, and in the abundance of caution, the Court agrees with Defendant TuSimple that ruling on the pending motions could impermissibly alter the status of the core issues on appeal. The Court concludes a stay of proceedings in this case is appropriate.

In *Flores v. Bennett*, Judge Thurston authored a published opinion considering the applicable test for a stay of a case at the district court level pending appeal. 675 F.Supp.3d 1052 (E.D. Cal. 2023). The court in *Flores* noted a split in authority regarding the applicable test for a stay of proceedings pending appeal which the Ninth Circuit had not definitively resolved. *Flores*, 675 F.Supp.3d at 1056-57 (noting differences and use

---

[5] Plaintiffs concede that TROs are appealable under certain conditions. ECF No. 181 at 4.

[6] In the original TRO briefing, both parties referenced raising the forum selection clause issue in more detail in the forthcoming motion to dismiss briefing. *See* ECF Nos. 28, TuSimple's Opposition to Motion for Temporary Restraining Order at 10 f.n. 6; ECF No. 33, Plaintiffs' Reply In Support of Temporary Restraining Order at 11, "…as will be set forth in detail in Plaintiffs' forthcoming opposition to TuSimple's motion to dismiss their complaint."

of *Nken*[7] test and *Landis*[8] test). *Flores* ultimately concluded, persuasively, that the *Landis* test is appropriate for a district court considering a stay of proceedings, and the *Nken* test was applicable to stay an injunction pending appeal. *Id*. at 1057.[9]

When considering a stay of proceedings under the *Landis* test, a court considers: (1) the possible damage that may result from the grant of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice. *Id*. at 1056-57 (citations omitted). The Court concludes the balance of these factors weigh in favor of issuing a stay. The potential balance of harms considered in the first two factors is offset in this case by the Court's ability to maintain the TRO. With the TRO in place during the pendency of TuSimple's appeals, Plaintiffs' concerns regarding dissipation of assets should be diminished. Additionally, the Court concludes Plaintiffs will not be substantially harmed from the delay of discovery, given some expedited discovery has already taken place (even with unresolved issue regarding documents located in China). *Cf. Flores*, 675 F.Supp.3d at 1061-62. Regarding the third *Landis* factor, as noted in *Flores*, "courts typically stay cases when the outcome of another proceeding will have preclusive effect on the pending issues." *Id*. at 1063 (citing *Safari Club Intl'l v. Bonta*, No. 22-cv-01395-DAD-JDP, 2023 WL 3505373 at *1 (E.D. Cal. May 17, 2023)). This is exactly the case here, where the Ninth Circuit's decision regarding either the forum selection clause issue or the derivative standing issue would effectively dismiss the case from this Court.

---

[7] *Nken v. Holder*, 556 U.S. 418, 422 (2009).

[8] *Landis v. N. Am. Co.*, 299 U.S. 248, 249-50 (1936).

[9] Here, while TuSimple cites to *Flores*, it urges the Court to apply the *Nken* factors for a stay pending appeal.

Accordingly, the Court hereby orders that this case be **STAYED** pending resolution of TuSimple's consolidated Ninth Circuit Appeals. All pending deadlines and hearings are hereby **VACATED**.

### B. Maintenance of the TRO

Noted above, both parties appear to agree that the Court retains jurisdiction to renew time-bound injunctions which would "preserve the status quo" but not "materially alter[] the status of the appeal." ECF Nos. 180 at 1, 181 at 5; *see Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("[T]he present case involves defendants who were subject to an injunction at the time of appeal, and the renewed injunction was identical to the original one."). Here, although the TRO has been extended, it has not been modified since TuSimple's first appeal, nor does the Court currently anticipate any changes during the stay pending resolution of TuSimple's appeals.

### IV. ORDER

For the reasons set forth above, the Court ORDERS as follows:

1. This case is hereby STAYED and all hearings VACATED pending the resolution of TuSimple's Ninth Circuit Appeals (Case No. 24-1608); and

2. The TRO shall be extended to September 15, 2024.

**IT IS SO ORDERED.**

Dated: June 5, 2024

HON. ROGER T. BENITEZ
United States District Judge