# EXHIBIT 1

# EXHIBIT 1

1  BOTTINI & BOTTINI, INC.
2  Francis A. Bottini, Jr. (SBN 175783)
   Albert Y. Chang (SBN 296065)
3  Aaron P. Arnzen (SBN 218272)
4  7817 Ivanhoe Avenue, Suite 102
   La Jolla, California 92037
5  Telephone:   (858) 914-2001
6  Facsimile:    (858) 914-2002

7  BERNSTEIN LITOWITZ BERGER &
      GROSSMANN LLP
8  Gregory V. Varallo (*pro hac vice*)
9  500 Delaware Avenue, Suite 901
   Wilmington, Delaware 19801
10 Telephone: (302) 364-3600

11 *Attorneys for Plaintiffs*
   *Norman Wilhoite and Judith Wilhoite*
12
13 [Additional counsel listed on signature page.]

14
15                  UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17 NORMAN WILHOITE and JUDITH WILHOITE, derivatively on behalf of TUSIMPLE HOLDINGS, INC., | Case No. 23cv2333 BEN (MSB) |
| 18 | **STIPULATION OF SETTLEMENT** |
| 19                             Plaintiffs, | |
| 20          vs. | |
| 21 XIAODI HOU, MO CHEN, CHENG LU, GUOWEI "CHARLES" CHAO, and HYDRON, INC., | |
| 22 | |
| 23                            Defendants, | |
| 24          - and - | |
| 25 TUSIMPLE HOLDINGS, INC., | |
| 26                  Nominal Defendant. | |

27
28

                                1

This Stipulation of Settlement, dated December 18, 2024 (the "Stipulation") sets forth the terms and conditions of the settlement of the stockholder derivative actions captioned *Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB (the "California Action"), pending in the United States District Court for the Southern District of California (the "California Court" or the "Court"), and the consolidated action captioned *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095-PAF (the "Delaware Action," and together with the California Action, the "Actions") pending in the Court of Chancery of the State of Delaware (the "Delaware Court").

The settling parties from the California Action are: the California Plaintiffs, derivatively on behalf of TuSimple and the Settling California Defendants. The settling parties from the Delaware Action are: the Delaware Plaintiffs, derivatively on behalf of TuSimple and the Settling Delaware Defendants. The Stipulation is made and entered by and among Plaintiffs, Settling Defendants, and the SLC, acting for and on behalf of TuSimple, and Plaintiffs, Settling Defendants, and the SLC are collectively referred to herein as the "Settling Parties."

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Actions and the Released Claims (defined below), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE ACTIONS

### A.    The California Action

#### 1.    The TRO and PI Proceedings in the California Court

The California Plaintiffs commenced the California Action on December 22, 2023, alleging, among other things, that the California Defendants caused TuSimple to transfer its trade secrets to Hydron, a company under Chen's control, without proper consideration. The California Plaintiffs asserted three claims derivatively on behalf of TuSimple: (1) violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*; (2) violations of the California Uniform Trade Secrets Act,

Cal. Civ. Code § 3426.1 *et seq*.; and (3) civil conspiracy.  On January 5, 2024, the California Plaintiffs moved for a temporary restraining order ("TRO") and expedited discovery on the basis that, absent injunctive relief, the California Defendants could continue expatriating TuSimple's trade secrets to Hydron and to China.

The Court heard oral argument on the TRO motion on January 22, 2024 and subsequently entered a TRO and discovery order that, among other things, restricted the flow of TuSimple's U.S.-based trade secrets to Hydron and TuSimple's China-based business and limited the use of TuSimple's U.S.-based assets.  The Court determined that the California Plaintiffs raised "serious questions regarding the merits" of their claims.  After further briefing, the Court modified the TRO on February 2, 2024, based on TuSimple's input.

The TRO and discovery order also allowed the California Plaintiffs to obtain discovery in support of their anticipated motion for preliminary injunction ("PI"). The TRO required TuSimple to produce, by February 6, 2024, "documents in their possession, custody or control" sufficient to "show the location of TuSimple's trade secrets" and "identify any proprietary information and/or intellectual property belonging to TuSimple that has been disclosed or transferred to Hydron."

TuSimple moved to dismiss the California Complaint (defined below) on January 16, 2024 based on: (1) the forum-selection clause for derivative litigation in TuSimple's Certificate of Incorporation designating Delaware as the exclusive forum; (2) the California Plaintiffs' alleged failure to plead demand futility under Rule 23.1; and (3) the California Plaintiffs' alleged failure to state a claim for trade-secret misappropriation and conspiracy.  The Court convened a hearing on February 12, 2024, concerning TuSimple's motion to dismiss.  Although the Court stated its tentative inclination to "deny the motion to dismiss without prejudice … on all three grounds," the Court has not ruled on TuSimple's motion to dismiss, which remains pending.

On February 9, 2024, the California Plaintiffs moved to direct TuSimple to comply with the discovery order and produce responsive documents in the possession of TuSimple's wholly-owned Chinese subsidiaries. On March 7, United States Magistrate Judge Berg granted Plaintiffs' motion to compel. TuSimple moved to set aside Magistrate Judge Berg's order on March 15, which motion remains pending.

On February 9, 2024, the California Plaintiffs moved for a PI. The Court heard argument on the motion on March 12. After hearing arguments, the Court continued the PI hearing to allow the California Plaintiffs to conduct further discovery. The Court issued an order on March 13, extending the TRO through April 8, "[b]ased on the strength of the circumstantial evidence and the need for a fully developed record consistent with the goals of expedited discovery[.]" The Court separately granted the California Plaintiffs leave to depose Defendant Chen (TuSimple's co-founder, former Executive Chairman and CEO, and current director) and others.

To allow sufficient time to conduct further discovery, on March 28, 2024, the California Plaintiffs moved to extend the TRO, which motion TuSimple opposed. On March 29, the Court granted the motion and extended the TRO to April 29. On April 17, the California Plaintiffs moved again to extend the TRO, which motion TuSimple opposed. The Court granted the California Plaintiffs' motion on April 22 and extended the TRO to May 13.

After additional briefing and hearings on discovery issues, in April 2024, the California Plaintiffs deposed Chen, Lu (TuSimple CEO from June 2020 to March 2022, and from November 2022 to the present), as well as former interim TuSimple CEO Ersin Yumer. TuSimple also produced documents to the California Plaintiffs.

On May 3, 2024, the California Plaintiffs submitted supplemental briefing on their PI motion. On May 8, the California Defendants responded to the California Plaintiffs' supplemental brief. Upon receipt of the parties' supplemental briefing

and evidence, on May 9, the Court *sua sponte* extended the TRO to June 10 and set the PI hearing for the same day.  The PI motion remains pending.

### 2.    The Proceedings in the Ninth Circuit

On March 15, 2024, TuSimple sought interlocutory review in the United States Court of Appeals for the Ninth Circuit of the March 13, 2024 order extending the TRO, as well as the TRO-related rulings.  On March 18, TuSimple sought an emergency stay of the TRO and related discovery pending appeal.  The California Plaintiffs opposed TuSimple's emergency motion and sought dismissal for want of appellate jurisdiction.  On March 26, the Ninth Circuit denied TuSimple's emergency motion for a stay and denied the California Plaintiffs' request for dismissal "without prejudice to renewing the arguments in the answering brief."

TuSimple subsequently appealed the orders extending the TRO dated March 29, 2024, April 22, 2024, and May 9, 2024.  TuSimple's appeals were consolidated and proceeded to merits briefing on an expedited basis.  TuSimple filed its opening brief on April 15.  The California Plaintiffs filed their answering brief on May 20.  TuSimple filed its reply brief on June 10.  The California Plaintiffs filed a supplemental brief on June 25.

### 3.    The Status of Proceedings

Between April and June 2024, Lu, Chen, and Hou moved to dismiss the California Complaint (defined below).  Those motions remain pending.  On May 20, Hydron answered the California Complaint.

In April 2024, while TuSimple's appeals were proceeding in the Ninth Circuit, the California Plaintiffs and TuSimple submitted competing briefs to the Court (in response to the Court's request) regarding the scope of the Court's jurisdiction during the pendency of TuSimple's appeals.  Based on this briefing, on June 5, 2024, the Court extended the TRO to September 15, 2024, and stayed all proceedings pending resolution of TuSimple's appeals.  The extended TRO expired on September 15, 2024.

On July 10, 2024, the Ninth Circuit issued an order granting TuSimple's unopposed motion to stay in light of the Settlement and staying all appellate proceedings until October 8, 2024. On October 16, 2024, the Ninth Circuit ordered the California Plaintiffs and TuSimple to submit supplemental briefing by December 16, 2024 regarding the Ninth Circuit's jurisdiction to hear TuSimple's appeals given the expiration of the injunction on September 15, 2024.

### B.    The Delaware Action

The lawsuits that constitute the Delaware Action were commenced between November 28, 2022 and March 6, 2023, with the operative complaint in the Delaware Action filed on July 24, 2023 and alleging, among other things, that the Delaware Defendants caused TuSimple to transfer its trade secrets to Hydron without proper consideration, and that Chen and Hou orchestrated a purge that removed all directors other than Hou from TuSimple's board of directors and reinstated Chen and Lu as directors. The Delaware Plaintiffs asserted six claims derivatively on behalf of TuSimple: (1) breach of fiduciary duty by Chen and Hou for transfer of TuSimple's intellectual property to Hydron; (2) breach of fiduciary duty by Chen and Hou for removing the directors of TuSimple other than Hou; (3) unjust enrichment against Chen and Hou; (4) breach of fiduciary duty by certain of the Delaware Defendants who were members of the audit committee of TuSimple's board of directors; (5) an aiding and abetting claim against Hydron; and (6) an unjust enrichment claim against Hydron. Prior to filing the operative complaint in the Delaware Action, the Delaware Plaintiffs obtained 551 pages of internal, non-public documents from TuSimple pursuant to 8 *Del. C.* § 220 relating to the claims alleged.

On March 13, 2023, TuSimple's board of directors formed a special litigation committee (the "SLC") to assess and determine whether the pursuit of derivative claims in the Delaware Action would be in the Company's best interests.

On August 18, 2023, the Delaware Court entered an agreed Stay Order, which stayed the Delaware Action until February 9, 2024 to permit the SLC to conduct its

investigation.  In exchange for the Delaware Plaintiffs agreeing to stay the Action, the SLC agreed to provide— and did provide—the Delaware Plaintiffs with periodic updates regarding the status of its investigation, as well as copies of its enabling resolutions.  Delaware Plaintiffs met with the SLC on January 19, 2024 and March 10, 2024 to discuss the status of the investigation and provide the Delaware Plaintiffs' input and suggestions for the investigation.

Between August 2023 and April 2024, the SLC directed its counsel to conduct an investigation of the matters forming the basis of the Delaware Action.  This included interviews with the named Defendants in the Action and other Company personnel, review and analysis of numerous documents, and engagement of experts to assist the SLC with its review.

On February 5, 2024, the Court entered an agreed Order extending the Stay Order until April 9, 2024, and on April 10, 2024, the Court entered an Order extending the Stay Order until June 4, 2024.

### C.    The Mediation

In April 2024, Plaintiffs and Defendants commenced a mediation process under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises ("Judge Phillips").  On May 2, 2024, Plaintiffs, Defendants, the SLC, and their respective counsel participated in an all-day in-person mediation session before Judge Phillips in New York City.  The mediation session was preceded by the submission of mediation statements.  In advance of the mediation session, TuSimple provided the Delaware Plaintiffs with nearly 5,000 pages of documents produced in connection with the California Action, including copies of the transcripts of depositions taken in the California Action.  Following the mediation session, the parties engaged in further settlement negotiations mediated by Judge Phillips.

On July 3, 2024, Judge Phillips issued a mediator's proposal.  On July 8, the Settling Parties accepted Judge Phillips's proposal to settle the California Action and the Delaware Action in exchange for a cash payment of $42.5 million for the benefit

of TuSimple, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Settling Parties' agreement-in-principle to settle the Actions was memorialized in a Settlement Term Sheet executed on September 19, 2024 (the "Term Sheet").

This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the parties.

## II. SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout the course of the Actions and in this Stipulation, Settling Defendants expressly have denied, and continue to deny, any and all of the claims alleged in the respective Actions, including any and all allegations of fault, negligence, liability, wrongdoing, or damages whatsoever. Without limiting the foregoing in any way, Settling Defendants expressly have denied, and continue to deny, each and all of the claims and contentions alleged by Plaintiffs in the respective Actions, including claims that they have committed any breach of fiduciary duty or wrongdoing. Settling Defendants in the respective Actions expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law or statutory duty as alleged in any complaint in the Actions or that could have been alleged in the Actions, and Settling Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Settling Defendants in the respective Actions also expressly have denied, and continue to deny, that any Settling Defendant breached their fiduciary duties, was unjustly enriched, misappropriated trade secrets, or engaged in any conspiracy in connection with the sharing of any information belonging to TuSimple with Hydron or the reconstituting of TuSimple's Board of Directors in November 2022; that the California Action was brought in the appropriate forum; that demand on the TuSimple's Board of Directors was excused for the filing of the California Action; or that the Court had any legal basis or authority to enter a TRO or injunction of any kind. Settling Defendants

maintain that they have meritorious defenses to all claims alleged in the respective Actions.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have, asserted. Settling Defendants and the SLC are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation given the protracted period in which proceedings necessary to defend the Actions through trial and any appeals might otherwise occur. Settling Defendants and the SLC have determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Plaintiffs' Lead Counsel believe that the claims asserted in their respective Actions have merit and that the evidence developed to date supports the claims asserted therein. However, Plaintiffs and Plaintiffs' Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute their respective Actions past motions to dismiss, through discovery, summary judgment and trial, as well as through appeals. Plaintiffs and Plaintiffs' Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as the Actions, as well as the difficulties and delays inherent in the Actions, including potential limitations on discovery in China. Plaintiffs and Plaintiffs' Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the breaches of fiduciary duty and violations of law asserted in the Actions. Plaintiffs and Plaintiffs' Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Company. Based on their own investigation and evaluation, Plaintiffs and

Plaintiffs' Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs, the Company, and its stockholders.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Plaintiffs that the Actions lack merit, and without any concession by Settling Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and derivatively on behalf of TuSimple), the SLC (acting on behalf of TuSimple), and Settling Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, the Actions and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Actions shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1   "Business Day" means any day except Saturday or Sunday or any legal holiday, as defined in Rule 6(a)(6) of the Federal Rules of Civil Procedure.

1.2   "California Plaintiffs' Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Bottini & Bottini, Inc.

1.3   "California Plaintiffs" means Plaintiffs Norman Wilhoite and Judith Wilhoite.

1.4   "California Defendants" means Defendants Guowei "Charles" Chao, Cheng Lu ("Lu"), Mo Chen ("Chen"), Xiaodi Hou ("Hou"), Hydron, Inc. ("Hydron"), and Nominal Defendant TuSimple.

1.5    "Claims" means claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under state, federal, common, or foreign law.

1.6    "Defendants" means the California Defendants and Delaware Defendants, collectively.

1.7    "Defendants' Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP; Procopio, Cory, Hargreaves & Savitch, LLP; Hogan Lovells LLP; Fitzgerald Knaier LLP; Goodwin Procter LLP; Cooley LLP; Glenn Agre Bergman & Fuentes LLP; King & Spalding LLP; and Gibson Dunn & Crutcher LLP.

1.8    "Delaware Plaintiffs" means Plaintiffs Jason Nusbaum and Richard A. Green.

1.9    "Delaware Defendants" means Defendants Chen, Hou, Brad Buss, Karen Francis, Reed Werner, Hydron, and Nominal Defendant TuSimple.

1.10    "Delaware Plaintiffs' Lead Counsel" means Block & Leviton LLP and Grant & Eisenhofer, P.A.

1.11    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶6.1 of the Stipulation have been met and have occurred or have been waived.

1.12    "Escrow Account" means an interest-bearing account established and maintained at Citibank, N.A.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs, Plaintiffs' Counsel, and the Company, in accordance with the terms of this Stipulation, the Escrow Agreement, and any order of the Court.

1.13    "Escrow Agent" means Citibank, N.A. and its successor(s).

1.14    "Escrow Agreement" means the agreement between the Escrow Agent and Plaintiffs' Lead Counsel.

1.15    "Fee and Expense Application" means an omnibus application before this Court, on behalf of all Plaintiffs' Counsel, for a Fee and Expense Award.

1.16   "Fee and Expense Award" means an award of attorneys' fees and expenses to be paid to Plaintiffs' Counsel from the Settlement Fund.

1.17   "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes Final when either: (a) the time in which the applicable rules permit an appeal of the Judgment or any other court order has expired without the filing of any appeal; or (b) an appeal has been filed and either (i) the court of appeals or Supreme Court has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has expired; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees, costs, or expenses (the "Excluded Order"), shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.18   "Hou Related Parties" means Hou and/or any of his immediate family members, or any of their partners, partnerships, trustees, trusts, or any entity in which any of them have a controlling or beneficial interest, or any of the agents, principals, successors, predecessors, heirs, assigns, or assignees of the foregoing.

1.19 "Hou Unreleased Claims" means any and all Claims against any of the Hou Related Parties arising from or related to the actual or alleged use, transfer, or sharing ("Transfer") of Information including the claims asserted in TuSimple Holdings, Inc. v. Bot Auto TX Inc., Case No. 24-BC11A-0007 (Bus. Ct. Tx.), other than Claims arising out of or related to the actual or alleged Transfer of Information by Hou to Hydron and any person or entity acting on its behalf.

1.20 "Information" means all information developed, obtained, controlled or owned at any time by TuSimple, regardless of whether proprietary, including that referred to in paragraphs 38 and 41 of the California Complaint.

1.21 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.22 "Plaintiffs' Lead Counsel" means, collectively, California Plaintiffs' Lead Counsel and Delaware Plaintiffs' Lead Counsel.

1.23 "Plaintiffs' Counsel" means Plaintiffs' Lead Counsel and any other counsel to Plaintiffs in either the California Action or Delaware Action.

1.24 "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees and expenses paid or payable to Plaintiffs' Counsel or any reserve to account for any potential future awards to Plaintiffs' Counsel; and (ii) any required Taxes and Tax Expenses.

1.25 "Notice Expenses" means all costs and expenses related to providing notice of the Settlement to TuSimple stockholders.

1.26 "Person(s)" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability partnership, limited liability corporation, limited liability company, professional corporation,

joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.27 "Plaintiffs" means the California Plaintiffs and Delaware Plaintiffs, collectively.

1.28 "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 of this Stipulation and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-3, which is to be emailed or mailed to all record and beneficial holders of TuSimple common stock known to TuSimple as of October 28, 2024, the record date for the Company's 2024 annual shareholder meeting, informing them of the Settlement contemplated by this Stipulation.

1.29 "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, inter alia: (i) the preliminary approval of the Settlement set forth in this Stipulation; and (ii) approval for the mailing or emailing of the Postcard Notice; posting of the Notice of Pendency and Proposed Settlement of Derivative Actions (the "Notice"), substantially in the form of Exhibit A-1 attached hereto, and this Stipulation on the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx; and publication of a Summary Notice of Pendency and Proposed Settlement of Derivative Actions (the "Summary Notice"), substantially in the form of Exhibit A-2 attached hereto, on two separate occasions in the national edition of The Wall Street Journal and on one occasion via the PR Newswire.

1.30 "Released Claims" means, collectively, the Released Defendants Claims and the Released Plaintiffs Claims.

1.31   "Released Defendants Claims" means any and all Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the California Action or the Delaware Action, except for claims relating to the enforcement of the Settlement.

1.32   "Released Defendants Persons" means Defendants, any other individual named as a defendant in any complaint filed in the Delaware Action or the California Action, the Company, and any entity in which the Company has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys (in their capacities as such).

1.33   "Released Plaintiffs Claims" means any and all Claims that (i) the California Plaintiffs (x) asserted in the Verified Shareholder Derivative Complaint dated December 22, 2023 (the "California Complaint") or (y) could have asserted derivatively on behalf of the Company in the California Complaint or in any other forum that are based on, arise out of, or relate to the allegations or circumstances set forth in the California Complaint, except for claims relating to the enforcement of the Settlement; or (ii) that the Delaware Plaintiffs (x) asserted in any of the complaints filed in the Delaware Action, including the Verified Amended Derivative Complaint dated July 24, 2023 (the "Consolidated Delaware Complaint") and the Verified Derivative Complaints filed on November 28, 2022, December 15, 2022, and March 6, 2023 (the "Predecessor Delaware Complaint"), or (y) could have asserted derivatively on behalf of the Company in the Consolidated Delaware Complaint or in any other forum that are based on, arise out of, or relate to the allegations or circumstances set forth in the Consolidated Delaware Complaint or Predecessor Delaware Complaints, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, the Released Plaintiffs Claims do not

cover, include, or release (i) any and all direct Claims of any current or former stockholder of TuSimple, including without limitation any claims asserted under the federal securities laws, including without limitation the claims asserted in Dicker, et al. v TuSimple Holdings, Inc., et al., Case No. 3:22-cv-01300-BEN-MSB (S.D. Cal.); (ii) Hou Unreleased Claims; and (iii) any and all direct or derivative Claims arising out of or relating to actions taken by directors and officers of TuSimple after December 23, 2023, that do not relate to or arise from, in whole or in part, the safety of TuSimple's technology or the Transfer of Information by Released Defendants Persons with Hydron and any person or entity acting on its behalf.

1.34 "Released Plaintiffs Persons" means California Plaintiffs and the Delaware Plaintiffs, and any entity in which the California Plaintiffs or the Delaware Plaintiffs has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys (in their capacities as such).

1.35 "Releasing Defendants Persons" means the Company, the SLC, and Settling Defendants.

1.36 "Releasing Plaintiffs Persons" means Plaintiffs, the Company, the SLC, and the Company's current stockholders.

1.37 "Service Awards" means a proposed award for each of the Plaintiffs in recognition of the benefits they have helped to create for TuSimple and its stockholders by initiating, prosecuting, and settling the Actions.

1.38 "Settlement" means the resolution of the Actions in accordance with the terms and provisions of this Stipulation.

1.39 "Settlement Amount" means Forty-Two Million Five Hundred Thousand U.S. Dollars (U.S. $42,500,000), which shall be paid to the Escrow Account pursuant to ¶2.2 of this Stipulation. With the exception of Notice Costs, no

further payment on behalf of Defendants shall be made in respect of any costs, expenses, or fees of any kind whatsoever associated with the Settlement, including in respect of any attorneys' fees and expenses to Plaintiffs' Counsel and Service Awards to Plaintiffs (as allowed by the Court).

1.40 "Settlement Fund" means the Settlement Amount plus any interest earned on the Settlement Amount after payment into the Escrow Account.

1.41 "Settlement Hearing" means the hearing set by the Court under Rule 23.1 of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.42 "Settling California Defendants" means the California Defendants, excluding Hou.

1.43 "Settling Defendants" means the Settling Delaware Defendants and the Settling California Defendants.

1.44 "Settling Delaware Defendants" means the Delaware Defendants, excluding Hou.

1.45 "SLC" means the Special Litigation Committee formed by the Board of Directors of Nominal Defendant TuSimple.

1.46 "SLC Counsel" means Debevoise & Plimpton, LLP.

1.47 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes on the Settlement Fund.

1.48 "Tax Expenses" means any and all expenses and costs incurred in connection with the operation and implementation of ¶2.12 hereof, including, without limitation, expenses and costs incurred by Plaintiffs' Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund, expenses and costs of tax attorneys and accountants, and mailing

and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.12 hereof.

1.49 "TuSimple" or the "Company" means TuSimple Holdings, Inc.

1.50 "TuSimple's Counsel" means the law firm of Wilmer Cutler Pickering Hale and Dorr LLP.

1.51 "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiffs Person do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendants Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendants Person, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants Claims that any of the Releasing Defendants Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiffs Persons, which, if known by him, her, it, or them might have affected his, her, its, or their settlement and release of the Released Plaintiffs Persons. With respect to (a) any and all Released Plaintiffs Claims against the Released Defendants Persons, and (b) any and all Released Defendants Claims against the Released Plaintiffs Persons, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each of the Releasing Plaintiffs Parties and Releasing Defendants Parties shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each of the Releasing Plaintiffs Persons and Releasing Defendants Persons shall be deemed to have, and by

operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiffs Persons and Releasing Defendants Persons acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs Claims or Released Defendants Claims, but (a) the Releasing Plaintiffs Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each of the Releasing Plaintiffs Persons shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs Claims against the Released Defendants Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Releasing Defendants Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each of the Releasing Defendants Persons shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants Claims against the Released Plaintiffs Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now

exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiffs Person and Releasing Defendants Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2. The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the California Court and subject to the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Actions, and any and all Released Plaintiffs Claims and Released Defendants Claims upon and subject to the terms and conditions set forth herein. The Settlement is not conditioned upon approval of any settlement of any companion suits, including, but not limited to, *Dicker, et al. v TuSimple Holdings, Inc., et al.*, Case No. 3:22-cv-01300-BEN-MSB (S.D. Cal.).

### a. The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Actions and in consideration of the releases specified in ¶¶4.1-4.2 hereof, within 20 Business Days of the later of the California Court's entering the Preliminary Approval Order or Defendants' Counsel's receipt of complete payment details for the Escrow Account, including (i) wire information, (ii) W-9, (iii) contact information for person confirming wire, and (iv) address information for receipt of check by overnight mail, Settling Defendants shall cause to be paid the Settlement Amount into the Escrow Account, subject to refund if the Settlement is terminated or cancelled pursuant to this Stipulation.

2.3    Other than Settling Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account as set forth in ¶2.2 hereof and to

pay or cause to be paid any and all Notice Costs as forth in ¶3.2 hereof, the Released Defendants Persons shall have no role in, responsibility for, interest in, or liability whatsoever with respect to: (i) the management or investment of the Settlement Fund; (ii) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (iii) the payment or withholding of any Taxes incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

2.4    Other than Settling Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account as set forth in ¶2.2 hereof and to pay or cause to be paid any and all Notice Costs as forth in ¶3.2 hereof, the Released Defendants Persons shall have no obligation to make any other payments pursuant to the Stipulation, including without limitation, payment of attorneys' fees and expenses awarded by the Court.

2.5    Within 20 Business Days of the occurrence of the Effective Date, Plaintiffs' Lead Counsel shall transfer to TuSimple the Net Settlement Fund, *i.e.*, the Settlement Fund less: (i) any Court-awarded attorneys' fees and expenses paid or payable to Plaintiffs' Counsel and any reserve to account for any potential future awards to Plaintiffs' Counsel; and (ii) any required Taxes and Tax Expenses.

**b.    Governance**

2.6    Settling Defendants and TuSimple acknowledge that the California and Delaware Actions played a substantial role in the amendment of the Amended and Restated Cooperation Agreement, dated April 3, 2024, by and among TuSimple and Chen, whereby, among other things, Mr. Chen, including through his family members and affiliates, directly or indirectly, agrees not to "solicit, initiate, discuss, negotiate, enter into or effectuate, directly or indirectly, any related party transaction between the Company or any of its subsidiaries and Hydron, Inc. or any of its subsidiaries, or . . . cause any funds of the Company or any of its subsidiaries to be used for or to advance the business of Hydron, Inc. or its subsidiaries," for a period of two years from January 16, 2024.

### c.    Nondisclosure Agreement Reaffirmation

2.7    TuSimple and Hydron affirm that they are parties to the Mutual Confidentiality and Nondisclosure Agreement (the "Nondisclosure Agreement"), entered into effective as of June 21, 2022, and that the Nondisclosure Agreement continues to remain binding on TuSimple and Hydron.

### d.    The Escrow Agent

2.8    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States bearing a rate of return reasonably comparable to United States Agency or Treasury Securities.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendants Persons shall have no role in, responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.9    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, the Escrow Agreement, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.10   Subject to further order(s) and directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation and the Escrow Agreement. The Released Defendants Persons shall have no role in, responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.11   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation or further order(s) of the Court.

### e.    Taxes

2.12   The Settling Parties agree as follows:

(a)    The Settlement Fund is intended to be, and shall be treated as being at all times, as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.   The Settlement Fund shall be established pursuant to an order of the Court approving the establishment of the Settlement Fund (in accordance with Treas. Reg. §1.468B-1(e)(1)), and the Settlement Fund shall remain subject to the subject matter jurisdiction of the Court throughout the Settlement Fund's existence, all in accordance with Treas. Reg. §1.468B-1(c)(1).   Upon written request, Settling Defendants will provide Plaintiffs' Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Plaintiffs' Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(i)(2)(ii)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations, and copies thereof, together with proof of copies thereof, together with

proof of filing by Plaintiffs' Lead Counsel (and any other related documentation or information reasonably requested), shall be provided to the Released Defendants Persons.  It shall be the responsibility of Plaintiffs' Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be Plaintiffs' Lead Counsel.   Plaintiffs' Lead Counsel shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)    All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in all events, the Released Defendants Persons and their counsel shall have no liability, obligation, or responsibility whatsoever for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Released Defendants Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).   Further, Taxes and Tax Expenses shall be timely paid by Plaintiffs' Lead Counsel out of the Settlement Fund without prior order from the Court; neither the Released Defendants Persons nor their counsel are responsible nor shall they have any liability, obligation, or responsibility for any Taxes or Tax Expenses.  Settling Defendants agree to cooperate with Plaintiffs' Lead Counsel and

their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

### f.    Termination of Settlement

2.13    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked prior to the payment of the Net Settlement Fund to the Company, the Settlement Fund less Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶2.12 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from TuSimple's Counsel in accordance with ¶7.4 hereof.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, California Plaintiffs' Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23.1 and approval for mailing or emailing the Postcard Notice, substantially in the form of Exhibit A-3 attached hereto; publication of the Summary Notice, substantially in the form of Exhibit A-2 attached hereto, on two separate occasions in the national edition of *The Wall Street Journal* and on one occasion via the PR Newswire; and posting of the Notice, substantially in the form of Exhibit A-1 attached hereto, and this Stipulation on the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx.   The Postcard Notice shall direct TuSimple stockholders to the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx, to access the Notice.

3.2    The Company shall be responsible for providing notice of the Settlement, regardless of the form or manner of notice ordered by the Court. The Company shall assume all administrative responsibility for and will pay any and all Notice Costs, regardless of whether the Court approves the Settlement or the Effective Date fails to occur. Neither Plaintiffs nor their counsel shall be responsible for any Notice Costs, nor shall any Notice Costs be paid from the Settlement Fund.

3.3    California Plaintiffs' Lead Counsel shall request the Court hold the Settlement Hearing and approve the Settlement as set forth herein. At or after the Settlement Hearing, California Plaintiffs' Lead Counsel also will request that the Court approve the Fee and Expense Application. The Settlement is expressly conditioned upon, among other things, the entry of a Judgment, substantially in the form attached hereto as Exhibit B.

### 4.    Releases

4.1    Upon the Effective Date, as defined in ¶1.10 hereof, the Releasing Plaintiffs Persons shall be deemed to have, and by operation of the Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs Claims against each and every one of the Released Defendants Persons and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Plaintiffs Claims against any and all of the Released Defendants Persons.

4.2    Upon the Effective Date, the Releasing Defendants Persons shall be deemed to have, and by operation of the Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released

26

Defendants Claims against each and every one of the Released Plaintiffs Persons and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Defendants Claims against any and all of the Released Plaintiffs Persons.

### 5. Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1    Settling Defendants, the Company, and the SLC acknowledge that Plaintiffs' Counsel are entitled to an award of attorneys' fees and expenses in recognition of the benefits provided to TuSimple and its stockholders as a result of the initiation, prosecution, pendency, and settlement of the Actions.  California Plaintiffs' Lead Counsel intend to submit the Fee and Expense Application.  The Fee and Expense Application may include a petition for Service Awards.  Any Service Awards approved by the Court shall be funded from the portion of the Fee and Expense Award distributed to Plaintiffs' Counsel.  The Settling Parties have not discussed the amount of such potential Fee and Expense Award, and Settling Defendants reserve all rights to challenge the Fee and Expense Application.

5.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any Fee and Expense Award shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Plaintiffs' Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees among Plaintiffs' Counsel.

5.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this

Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Lead Counsel, including their partners and stockholders, and such other Plaintiffs' Counsel, including their law firms, partners, and stockholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) Business Days from receiving notice from Settling Defendants' Counsel or from a court of appropriate jurisdiction reversing or modifying the Judgment or Fee and Expense Award, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.

5.4    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for a Fee and Expense Award to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs' Counsel or Plaintiffs, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

5.5    Any Fee and Expense Award awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of (i) Settling Defendants'

obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 hereof and (ii) Settling Defendants' obligation to pay any and all Notice Costs as provided for in ¶3.2 hereof, the Released Defendants Persons shall have no role in, responsibility for, and no obligation or liability whatsoever with respect to, any payment of attorneys' fees and expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

5.6     The Released Defendants Persons shall have no role in, responsibility for, and no obligation or liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the California Action.

## 6.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

6.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto, directing notice to of the Settlement, as required by ¶3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     the Actions have been dismissed with prejudice; and

(e)     the Judgment and all orders of the Court, other than the Excluded Order, have become Final, as defined in ¶1.16 hereof.

6.2     Upon the Effective Date, any and all remaining interest or right of the Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶6.1 hereof are not met, then the

Settlement shall be canceled and terminated subject to ¶¶6.4-6.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

6.3    Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or if prior to the payment of the Net Settlement Fund to the Company, the Judgment is successfully collaterally attacked, within five (5) Business Days after written notification of such event is sent by Defendants' Counsel or Plaintiffs' Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes and Tax Expenses, shall be refunded pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid to the Escrow Account on behalf of Settling Defendants.   Such payments shall be pursuant to written instructions from Defendants' Counsel.

6.4    Plaintiffs and Settling Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's denial of preliminary approval of the Settlement and subsequent denial of preliminary approval after resubmission of documents addressing the Court's concerns; (b) the Court's refusal to approve this Stipulation in any material respect; (c) the Court's refusal to enter the Judgment in any material respect; (d) the

entry of an order by the Court refusing to dismiss the California Action with prejudice or an order by the Court of Chancery refusing to dismiss the Delaware Action with prejudice; (e) the date upon which the Judgment is reversed or vacated or altered in any material respect following any appeal taken therefrom, or is successfully collaterally attacked in any material respect; or (f) the failure of the Effective Date to occur for any reason. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any Fee and Expense Award by the Court to Plaintiffs' Counsel or Service Award to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

6.5    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Actions and shall be restored to their respective positions in the Actions as of immediately prior to the execution of the Term Sheet. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.51, 2.8-2.11, 2.12-2.13, 5.3, 6.3-6.6, 7.1, and 8.7 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

6.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶2.12 hereof. In addition, any amounts already incurred pursuant to ¶2.12 hereof at the time of such termination or cancellation

but which have not been paid, shall be paid by Plaintiffs' Lead Counsel in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 6.4 hereof.

## 7.    No Admission of Wrongdoing

7.1    Neither the Settlement, the Term Sheet, this Stipulation (whether or not consummated), including the Exhibits hereto, the negotiations leading to the execution of the Term Sheet, this Stipulation, and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Term Sheet, this Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Released Defendants Persons of the truth of any allegations by Plaintiffs or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs Claims, or of any liability, damages, negligence, fault, omission, or wrongdoing of any kind of any of the Released Defendants Persons or in any way referred to for any other reason as against any of the Released Defendants Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of the Released Plaintiffs Persons as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Actions, including, but not limited to, litigation of the Released Plaintiffs Claims;

(c)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendants Persons, or against the Released Plaintiffs Persons as evidence of any infirmity in the claims of Plaintiffs;

(d)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any liability, damages, negligence, fault, omission, or wrongdoing, or shall be in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; provided, however, that if this Stipulation is approved by the Court, Settling Defendants and the Released Defendants Persons may refer to it to effectuate the release granted them hereunder; or

(e)    shall be construed against the Released Defendants Persons or the Released Plaintiffs Persons as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Actions. The Settlement

compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Actions were brought or defended in bad faith or without a reasonable basis.

8.3     Plaintiffs and Plaintiffs' Counsel, and the attorneys and staff assisting them in the Actions, agree that: (a) they will not intentionally assist or cooperate with any Person in the pursuit of private legal actions related to the subject matter of the Actions against the Released Defendants Persons; and (b) they will not intentionally assist or cooperate with any non-governmental Person seeking to publicly disparage the Released Defendants Persons with respect to any matter relating to the subject matter or the resolution of the Actions. Settling Defendants, Defendants' Counsel, and the attorneys and staff assisting them in the Actions agree that they will not publicly disparage any Plaintiff or Plaintiffs' Counsel with respect to any matter relating to the subject matter or resolution of the Actions. The Settling Parties reserve their right to rebut any contention made in any public forum regarding the Actions, including that the Actions were brought or defended in bad faith or without a reasonable basis.

8.4     Settling Defendants and the Released Defendants Persons may file this Stipulation and the Judgment in any other action that may be brought against them in order to support injunctive relief, or a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this

Stipulation and the Judgment in any action that may be brought to enforce the terms of this Stipulation and the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.5    Settling Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Settling Defendants and not by their counsel.

8.6    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Escrow Account or any portion thereof by or on behalf of Settling Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Escrow Account by others, then, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the releases provided under the Settlement and the Judgment entered in favor of the Released Defendants Persons and Released Plaintiffs Persons pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the Action as provided in ¶6.5 hereof.

8.7    All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Stipulation.

8.8    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.9    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

8.11    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

8.12    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

8.13    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

8.14    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) Business Day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) when delivered to the recipient's email address of record as set forth below:

36

***If to Plaintiffs or to Plaintiffs' Lead Counsel***:
**<u>Norman Wilhoite and Judith Wilhoite:</u>**
BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
<u>fbottini@bottinilaw.com</u>
<u>achang@bottinilaw.com</u>

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Jeroen van Kwawegen
<u>jeroen@blbglaw.com</u>

***If to Settling Defendants or Defendants' Counsel:***

**<u>Brad Buss and Karen Francis:</u>**
KING & SPALDING LLP
Michael Smith
Peter Starr
<u>mrsmith@kslaw.com</u>
<u>pstarr@kslaw.com</u>

**<u>Reed Werner:</u>**
GIBSON DUNN & CRUTCHER LLP
Michael Martinez
<u>mmartinez2@gibsondunn.com</u>

**<u>Mo Chen:</u>**
HOGAN LOVELLS US LLP
Jon Talotta
<u>jon.talotta@hogenlovells.com</u>

**<u>Cheng Lu:</u>**
GOODWIN PROCTER LLP
Jonathan Shapiro
<u>jshapiro@goodwinlaw.com</u>

**Guowei "Charles" Chao:**
COOLEY LLP
<u>rblair@cooley.com</u>

**<u>Hydron, Inc.:</u>**
GLENN AGRE BERGMAN & FUENTES LLP
Lyn Agre
<u>lagre@glennagre.com</u>

***If to TuSimple or TuSimple's Counsel:***
WILMER CUTLER PICKERING HALE & DORR LLP
Robert Kingsley Smith
robert.smith@wilmerhale.com

8.15   Plaintiffs represent and warrant that none of Plaintiffs' claims or causes of action referred to in the Actions or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

8.16   This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

8.17   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

8.18   Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

8.19   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in the Actions shall be stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Plaintiffs shall be barred and enjoined from commencing or prosecuting any of the Released Plaintiffs Claims against any of the Released Defendants Persons in any action or proceeding in any court or tribunal.

8.20   This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal,

substantive laws of the State of California without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

8.21 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.22 This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.23 Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

8.24 Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated December 18, 2024.

*Albert Y. Chang*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Aaron P. Arnzen (SBN 218272)
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: 858-914-2001
fbottini@bottinilaw.com
achang@bottinilaw.com
aarnzen@bottinilaw.com

Jeroen van Kwawegen
Thomas G. James (*pro hac vice*)
Eric J. Riedel (*pro hac vice*)
James Janison (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-554-1400
jeroen@blbglaw.com
thomas.james@blbglaw.com
eric.riedel@blbglaw.com
james.janison@blbglaw.com

Gregory V. Varallo (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: 302-364-3600
greg.varallo@blbglaw.com

*Attorneys for California Plaintiffs*


Jason M. Leviton
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: 617-398-5600
jason@blockleviton.com


Christine M. Mackintosh
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Telephone: 302-622-7000
cmackintosh@gelaw.com

*Attorneys for Delaware Plaintiffs*

40

Jeroen van Kwawegen
Thomas G. James (*pro hac vice*)
Eric J. Riedel (*pro hac vice*)
James Janison (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-554-1400
jeroen@blbglaw.com
thomas.james@blbglaw.com
eric.riedel@blbglaw.com
james.janison@blbglaw.com

Gregory V. Varallo (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: 302-364-3600
greg.varallo@blbglaw.com

*Attorneys for California Plaintiffs*

Jason M. Leviton
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: 617-398-5600
jason@blockleviton.com

Christine M. Mackintosh
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Telephone: 302-622-7000
cmackintosh@gelaw.com

*Attorneys for Delaware Plaintiffs*

40

Robert Kingsley Smith
William H. Paine
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
robert.smith@wilmerhale.com
william.paine@wilmerhale.com

*Attorneys for TuSimple Holdings, Inc.*

Susan Reagan Gittes
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: 212 909 6000
srgittes@debevoise.com

*Attorneys for the Special Litigation Committee of Board of Directors of TuSimple Holdings, Inc.*

Lyn R. Agre
GLENN AGRE BERGMAN &
   FUENTES LLP
580 California Street
Suite 1420
San Francisco, CA 94104
Telephone: 415-717-9738
lagre@glennagre.com

*Attorneys for Hydron, Inc.*

_____

Robert Kingsley Smith
William H. Paine
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
robert.smith@wilmerhale.com
william.paine@wilmerhale.com

*Attorneys for TuSimple Holdings, Inc.*

_____

Susan Reagan Gittes
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: 212 909 6000
srgittes@debevoise.com

*Attorneys for the Special Litigation Committee of Board of Directors of TuSimple Holdings, Inc.*

_____

Lyn R. Agre
GLENN AGRE BERGMAN &
  FUENTES LLP
580 California Street
Suite 1420
San Francisco, CA 94104
Telephone: 415-717-9738
lagre@glennagre.com

*Attorneys for Hydron, Inc.*

Robert Kingsley Smith
William H. Paine
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
robert.smith@wilmerhale.com
william.paine@wilmerhale.com

*Attorneys for TuSimple Holdings, Inc.*

Susan Reagan Gittes
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: 212 909 6000
srgittes@debevoise.com

*Attorneys for the Special Litigation
Committee of Board of Directors of
TuSimple Holdings, Inc.*

Lyn R. Agre
GLENN AGRE BERGMAN &
   FUENTES LLP
580 California Street
Suite 1420
San Francisco, CA 94104
Telephone: 415-717-9738
lagre@glennagre.com

*Attorneys for Hydron, Inc.*

41

1

2

3
Ryan E. Blair
COOLEY LLP
4
10265 Science Center Drive
5
Suite 2121
San Diego, CA 92121
6
Telephone: 858-550-6000
7
rblair@cooley.com

8
*Attorneys for Guowei "Charles" Chao*
9

10

11
Jonathan Acker Shapiro
GOODWIN PROCTER LLP
12
Three Embarcadero Center
Suite 2800
13
San Francisco, CA 94111
14
Telephone: 415-733-6202
jshapiro@goodwinlaw.com
15

16
*Attorneys for Cheng Lu*
17

18
Jon M. Talotta
19
HOGAN LOVELLS US LLP
8350 Broad St.
20
17th Floor
21
Tysons, VA 22102
Telephone: 703-610-6100
22
jon.talotta@hoganlovells.com

23
Jordan Daniel Teti
24
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
25
Suite 1400
26
Los Angeles, CA 90067
Telephone: 310-785-4600
27
jordan.teti@hoganlovells.com

28
*Attorneys for Mo Chen*

_____

Ryan E. Blair
COOLEY LLP
10265 Science Center Drive
Suite 2121
San Diego, CA 92121
Telephone: 858-550-6000
rblair@cooley.com

*Attorneys for Guowei "Charles" Chao*



_____

Jonathan Acker Shapiro
GOODWIN PROCTER LLP
Three Embarcadero Center
Suite 2800
San Francisco, CA 94111
Telephone: 415-733-6202
jshapiro@goodwinlaw.com

*Attorneys for Cheng Lu*

_____

Jon M. Talotta
HOGAN LOVELLS US LLP
8350 Broad St.
17th Floor
Tysons, VA 22102
Telephone: 703-610-6100
jon.talotta@hoganlovells.com

Jordan Daniel Teti
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
jordan.teti@hoganlovells.com

*Attorneys for Mo Chen*

Ryan E. Blair
COOLEY LLP
10265 Science Center Drive
Suite 2121
San Diego, CA 92121
Telephone: 858-550-6000
rblair@cooley.com

*Attorneys for Guowei "Charles" Chao*

Jonathan Acker Shapiro
GOODWIN PROCTER LLP
Three Embarcadero Center
Suite 2800
San Francisco, CA 94111
Telephone: 415-733-6202
jshapiro@goodwinlaw.com

*Attorneys for Cheng Lu*

Jon M. Talotta
HOGAN LOVELLS US LLP
8350 Broad St.
17th Floor
Tysons, VA 22102
Telephone: 703-610-6100
jon.talotta@hoganlovells.com

Jordan Daniel Teti
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
jordan.teti@hoganlovells.com

*Attorneys for Mo Chen*

Michael Martinez
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-351-4076
mmartinez2@gibsondunn.com

*Attorneys for Reed Werner*

Michael R. Smith
Peter Starr
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Telephone: 404-572-4600
mrsmith@kslaw.com
pstarr@kslaw.com

*Attorneys for Brad Buss and Karen
Francis*

43

Michael Martinez
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-351-4076
mmartinez2@gibsondunn.com

*Attorneys for Reed Werner*

Michael R. Smith
Peter Starr
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Telephone: 404-572-4600
mrsmith@kslaw.com
pstarr@kslaw.com

*Attorneys for Brad Buss and Karen Francis*

**Exhibit A**

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Aaron P. Arnzen (SBN 218272)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
Gregory V. Varallo (*pro hac vice*)
500 Delaware Avenue, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 364-3600

*Attorneys for Plaintiffs*
*Norman Wilhoite and Judith Wilhoite*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN WILHOITE and JUDITH WILHOITE, derivatively on behalf of TUSIMPLE HOLDINGS, INC., | Case No. 23cv2333 BEN (MSB) |
| Plaintiffs, | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| vs. | |
| XIAODI HOU, MO CHEN, CHENG LU, GUOWEI "CHARLES" CHAO, and HYDRON, INC., | |
| Defendants, | |
| - and - | |
| TUSIMPLE HOLDINGS, INC., | |
| Nominal Defendant. | |

WHEREAS, a consolidated stockholder derivative action is pending in this Court entitled *Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB (the "California Action");

WHEREAS, (a) plaintiffs in the California Action: Norman Wilhoite and Judith Wilhoite (the "California Plaintiffs"), derivatively on behalf of TuSimple Holdings, Inc. ("TuSimple" or the "Company"); (b) settling defendants in the California Action: Guowei "Charles" Chao, Cheng Lu, Mo Chen, and Hydron, Inc. ("Hydron") and Nominal Defendant TuSimple (collectively, the "Settling California Defendants"); (c) plaintiffs in the consolidated stockholder derivative action pending in the Court of Chancery of the State of Delaware (the "Delaware Court"), captioned as *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095-PAF (the "Delaware Action" and, together with the California Action, the "Actions"): Jason Nusbaum and Richard A. Green (collectively, the "Delaware Plaintiffs" and, together with the California Plaintiffs, "Plaintiffs"); (d) settling defendants in the Delaware Action: Mo Chen, Brad Buss, Karen Francis, Reed Werner, and Hydron and Nominal Defendant TuSimple (collectively, the "Settling Delaware Defendants" and, together with the Settling California Defendants, "Settling Defendants"); and (e) the Special Litigation Committee (the "SLC") of the Board of Directors of TuSimple, acting for and on behalf of TuSimple (Plaintiffs, Settling Defendants, and the SLC, together, the "Settling Parties"), have reached a proposed settlement on the terms and conditions set forth in the Stipulation of Settlement dated December 18, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement").

WHEREAS, the Court has read and considered: (a) the California Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to TuSimple stockholders, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached

thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Fairness Hearing to be held as described below.

2.    **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on _____, 2025 at __:__ _.m. at the United States District Court for the Southern District of California, Courtroom 5A of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, for the following purposes:  (a) to determine whether the California Plaintiffs and California Plaintiffs' Lead Counsel have adequately represented the interests of TuSimple and its stockholders; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to TuSimple and its stockholders, and should be approved by the Court; (c) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the California Action with prejudice; (d) to determine whether the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and expenses, including any award payments ("Service Awards") to the Plaintiffs (the "Fee and Expense Application"), should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3.    The Court reserves the right to adjourn the Settlement Fairness Hearing or to hold the Settlement Fairness Hearing or any adjournment thereof

telephonically or by Zoom, including the consideration of the Fee and Expense Application, without further notice of any kind other than oral announcement at the Settlement Fairness Hearing or any adjournment thereof. The Court further reserves the right to approve the Stipulation and the Settlement, at or after the Settlement Fairness Hearing, with such modifications as may be consented to by the Settling Parties and without further notice to TuSimple stockholders. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to TuSimple stockholders.

4.    **Manner of Giving Notice** – Notice of the Settlement and the Settlement Fairness Hearing shall be given by TuSimple as follows:

(a)    no later than three (3) Business Days following the date of entry of this Order (the "Notice Date"), TuSimple shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 3, to be emailed or mailed by First-Class Mail (where email addresses are not available) to all record and beneficial holders of TuSimple common stock known to TuSimple as of October 28, 2024, the record date for the Company's 2024 annual shareholder meeting;

(b)    no later than the Notice Date, TuSimple shall post a copy of the Notice of Pendency and Proposed Settlement of Derivative Actions (the "Notice"), substantially in the form attached hereto as Exhibit 1, and the Stipulation on the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx, and such documents shall remain posted to that website through the Effective Date of the Settlement;

(c)    not later than ten (10) Business Days after the Notice Date, TuSimple shall cause the Summary Notice of Pendency and Proposed Settlement of Derivative Actions (the "Summary Notice"), substantially in the form attached hereto as Exhibit 2, on two separate occasions in the

4

national edition of *The Wall Street Journal* and on one occasion over the PR Newswire; and

(d)     not later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing, TuSimple's Counsel shall serve on California Plaintiffs' Lead Counsel and file with the Court proof, by affidavit or declaration, of compliance with paragraphs 4(a)-(c) above.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Summary Notice, and the Postcard Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing or emailing of the Postcard Notice and publishing of the Notice and the Summary Notice in the manner and form set forth in paragraph 4 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise TuSimple stockholders of the pendency of the Actions, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the Fee and Expense Application, of their right to object to the Settlement and/or the Fee and Expense Application, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before those notices are distributed or published.

6.     **Appearance and Objections at Settlement Fairness Hearing** – Any TuSimple stockholder who or which continues to hold shares of TuSimple common stock as of the date of the Settlement Fairness Hearing, may enter an appearance in the California Action at his, her, or its own expense, individually or

through counsel of his, her, or its own choice, by filing a notice of appearance with the Clerk of the Court no later twenty-one (21) calendar days prior to the Settlement Fairness Hearing.  Copies of any notices of appearance must also be served (by hand, first class mail, or express service) on California Plaintiffs' Lead Counsel and TuSimple's Counsel, at the addresses set forth in paragraph 7 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any TuSimple stockholder who or which does not enter an appearance will be represented by California Plaintiffs' Lead Counsel and shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Fairness Hearing.  TuSimple's Counsel shall promptly forward any notices of appearance received to counsel for each of the other Defendants.

7.    Any TuSimple stockholder who or which continues to hold shares of TuSimple common stock as of the date of the Settlement Fairness Hearing may file a written objection to the proposed Settlement and/or the Fee and Expense Application with the Clerk of the Court in accordance with the requirements set forth in paragraph 8 below, and may appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the Fee and Expense Application should not be approved; *provided, however*, that, unless otherwise directed by the Court for good cause shown, no such person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the Fee and Expense Application, unless that person or entity has filed a written objection with the Clerk of the Court and served (by hand, first class mail, or express service) copies of such objection on California Plaintiffs' Lead Counsel and TuSimple's Counsel at the addresses set forth below, such that they are received no later than twenty-one (21) calendar days prior to the Settlement

Fairness Hearing. TuSimple's Counsel shall promptly forward any objections received to counsel for each of the other Defendants.

**California Plaintiffs' Lead Counsel:**

Jeroen van Kwawegen
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

Francis A. Bottini, Jr.
Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037

**TuSimple's Counsel:**

Robert Kingsley Smith
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

8. Any objections, filings, and other submissions must: (a) state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) be signed by the objector; (c) state that the objection is being filed with respect to "*Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB (S.D. Cal.)"; (d) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Fairness Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (e) include (i) documentation sufficient to prove the date on which the objector acquired shares of TuSimple

common stock, (ii) documentation sufficient to prove that the objector continues to hold shares of TuSimple common stock as of the date of filing of the objection, and (iii) a statement that the objector will continue to hold shares of TuSimple common stock as of the date of the Settlement Fairness Hearing. Documentation establishing ownership of TuSimple common stock must consist of copies of an official brokerage account statement, a screen shot of an official brokerage account, or an authorized statement from the objector's broker containing the information found in an account statement. The Settling Parties are authorized to request from any objector additional information or documentation sufficient to prove his, her, or its holdings of TuSimple common stock.

9.      Unless the Court orders otherwise, any person or entity who or which does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object, including any right of appeal, to any aspect of the proposed Settlement or the Fee and Expense Application; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys' fees and expenses requested or awarded including any Service Awards to the Plaintiffs; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, including on any appeal, with respect to any matters concerning the Settlement or the requested or awarded attorneys' fees and expenses, including any Service Awards to the Plaintiffs.

10.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the California Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court (a) bars and enjoins the commencement or prosecution of any

action asserting any Released Plaintiffs Claims against any of the Released Defendants Persons; and (b) bars and enjoins the commencement or prosecution of any action asserting any Released Plaintiffs Claims against any of the Released Defendants Persons.

11.  **Notice Costs** – TuSimple shall assume all administrative responsibility for and shall pay any and all Notice Costs, regardless of whether the Court approves the Settlement or the Effective Date fails to occur. Neither Plaintiffs nor their counsel shall be responsible for any Notice Costs nor shall any Notice Costs be paid from the Settlement Fund.

12.  **Settlement Fund** – The contents of the Settlement Fund held in the Escrow Account by Citibank, N.A. (which the Court approves as the escrow agent for the Settlement Fund) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be paid out of the Escrow Account pursuant to the terms of the Stipulation and/or further order(s) of the Court.

13.  **Taxes** – California Plaintiffs' Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund held in the Escrow Account, to pay from the Settlement Fund held in the Escrow Account any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

14.  **Use of this Order** – Neither this Order, the Settlement, the Term Sheet, the Stipulation (whether or not consummated), including the Exhibits thereto; the negotiations leading to the execution of the Term Sheet, the Stipulation, or the Settlement; nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Term Sheet,

the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Released Defendants Persons of the truth of any allegations by Plaintiffs or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs Claims, or of any liability, damages, negligence, fault, omission, or wrongdoing of any kind of any of the Released Defendants Persons or in any way referred to for any other reason as against any of the Released Defendants Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered or received against or to the prejudice of the Released Plaintiffs Persons as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Actions, including, but not limited to, litigation of the Released Plaintiffs Claims; (c) shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendants Persons, or against the Released Plaintiffs Persons as evidence of any infirmity in the claims of Plaintiffs; (d) shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any liability, damages, negligence, fault, omission, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding in any court,

10

administrative agency, or other tribunal; provided, however, that if the Stipulation is approved by the Court, Defendants and the Released Defendants Persons may refer to it to effectuate the release granted them under the Stipulation; or (e) shall be construed against the Released Defendants Persons or the Released Plaintiffs Persons as evidence of a presumption, concession, or admission that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Settling Parties or any TuSimple stockholders, and the parties to the Actions shall be restored to their respective positions in the Actions as of immediately prior to the execution of the Term Sheet on September 19, 2024.

16. **Supporting Papers** – California Plaintiffs' Lead Counsel shall file and serve the opening papers in support of the proposed Settlement and the Fee and Expense Application no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Roger T. Benitez
United States District Judge

**EXHIBIT A-1**

1   BOTTINI & BOTTINI, INC.
2   Francis A. Bottini, Jr. (SBN 175783)
    Albert Y. Chang (SBN 296065)
3   Aaron P. Arnzen (SBN 218272)
    7817 Ivanhoe Avenue, Suite 102
4   La Jolla, California 92037
5   Telephone:   (858) 914-2001
    Facsimile:   (858) 914-2002
6
7   BERNSTEIN LITOWITZ BERGER &
       GROSSMANN LLP
8   Gregory V. Varallo (*pro hac vice*)
9   500 Delaware Avenue, Suite 901
    Wilmington, Delaware 19801
10  Telephone: (302) 364-3600
11  *Attorneys for Plaintiffs*
12  *Norman Wilhoite and Judith Wilhoite*

13          UNITED STATES DISTRICT COURT
14          SOUTHERN DISTRICT OF CALIFORNIA

15  NORMAN WILHOITE and JUDITH          Case No. 23cv2333 BEN (MSB)
16  WILHOITE, derivatively on behalf of
    TUSIMPLE HOLDINGS, INC.,            **NOTICE OF PENDENCY AND**
17                                      **PROPOSED SETTLEMENT OF**
                            Plaintiffs, **DERIVATIVE ACTIONS**
18           vs.
19  XIAODI HOU, MO CHEN, CHENG
20  LU, GUOWEI "CHARLES" CHAO,
    and HYDRON, INC.,
21                         Defendants,
22           - and -
23  TUSIMPLE HOLDINGS, INC.,
24                Nominal Defendant.

25  ***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

26  TO:   ALL PERSONS OR ENTITIES WHO OR WHICH HOLD SHARES OF
27        TUSIMPLE HOLDINGS, INC. ("TUSIMPLE" OR THE "COMPANY")
28        COMMON STOCK.

The purpose of this Notice is to inform you of: (i) the pendency of the stockholder derivative action captioned *Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB, pending in the United States District Court for the Southern District of California (the "California Court"), and the stockholder derivative action captioned *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095-PAF (the "Delaware Action" and, together with the California Action, the "Actions") pending in the Court of Chancery of the State of Delaware (the "Delaware Court"); (ii) a proposed settlement of the Actions (the "Settlement"), subject to approval of the California Court, as provided in the Stipulation of Settlement dated as of December 18, 2024 (the "Stipulation"); (iii) the hearing that the California Court will hold on [_____], 2025, at [__]:[__] [__].m. to determine whether to approve the proposed Settlement and to consider the application by California Plaintiffs' Lead Counsel, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and litigation expenses, including any application for an incentive award to each of the Plaintiffs (the "Fee and Expense Application"); and (iv) TuSimple stockholders' rights with respect to the proposed Settlement and the Fee and Expense Application.[1]

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT OF THIS ACTION.**

The Stipulation was entered into as of December 18, 2024, between and among (i) plaintiffs in the California Action: Norman Wilhoite and Judith Wilhoite (the "California Plaintiffs"), derivatively on behalf of TuSimple; (b) settling defendants in the California Action: Guowei "Charles" Chao, Cheng Lu, Mo Chen, and Hydron, Inc. ("Hydron") and Nominal Defendant TuSimple (collectively, the "Settling California Defendants"); (c) plaintiffs in the Delaware Action: Jason Nusbaum and Richard A. Green (collectively, the "Delaware Plaintiffs" and, together with the California Plaintiffs, "Plaintiffs"); (d) settling defendants in the Delaware Action: Mo Chen, Brad Buss, Karen Francis, Reed Werner, and Hydron and Nominal Defendant TuSimple (collectively, the "Settling Delaware Defendants" and, together with the Settling California Defendants, "Settling Defendants"); and (e) the Special Litigation Committee (the "SLC") of the Board of Directors of TuSimple, acting for and on behalf of TuSimple (Plaintiffs, Settling Defendants, and the SLC, together, the "Settling Parties"), subject to the approval of the California Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

---

[1] All capitalized terms not otherwise defined in this Notice shall have the meaning provided in the Stipulation, which is available at the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx.

2

As described on page [____] below, the Settlement provides for a cash payment of $42,500,000, which, after any deductions for attorneys' fees and expenses for Plaintiffs' Counsel (including any incentive awards to Plaintiffs) and any applicable taxes and tax expenses, will be paid to the Company. Additionally, pursuant to the Settlement (i) Settling Defendants and TuSimple acknowledge that the Actions played a substantial role in the amendment of the Amended and Restated Cooperation Agreement, dated April 3, 2024, by and among TuSimple and Mo Chen and (ii) TuSimple and Hydron affirm that they are parties to the Mutual Confidentiality and Nondisclosure Agreement that continues to remain binding on TuSimple and Hydron.

Because the Actions were brought as derivative actions, which means that the Actions were brought by Plaintiffs on behalf of, and for the benefit of, TuSimple, the cash recovery from the Settlement will go to the Company. Individual TuSimple stockholders will not receive any direct payment from the Settlement.

**PLEASE NOTE: THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT, AND STOCKHOLDERS ARE NOT REQUIRED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE.**

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

1.    The purpose of this Notice is to explain the Actions, the terms of the proposed Settlement, and how the proposed Settlement affects TuSimple stockholders' legal rights.

2.    In a derivative action, one or more persons or entities who are current stockholders of a corporation sue on behalf of, and for the benefit of, the corporation, seeking to enforce the corporation's legal rights. In this case, Plaintiffs have filed suit against Defendants on behalf of, and for the benefit of, TuSimple.

3.    The California Court has scheduled a hearing to consider the fairness, reasonableness, and adequacy of the Settlement and the Fee and Expense Application (the "Settlement Fairness Hearing"). *See* page [__] below for details about the Settlement Fairness Hearing, including the location, date, and time of the hearing.

3

| | WHAT ARE THESE CASES ABOUT?  WHAT HAS HAPPENED SO FAR? |
|---|---|

THE FOLLOWING DESCRIPTION OF THE ACTIONS AND THE SETTLEMENT HAS BEEN PREPARED BY COUNSEL FOR THE SETTLING PARTIES AND DOES NOT CONSTITUTE FINDINGS OF THE CALIFORNIA COURT OR THE DELAWARE COURT.  IT SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURTS AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE SETTLING PARTIES OR THE FAIRNESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.

**A.    The California Action**

**The TRO and PI Proceedings in the California Court**

4.    The California Plaintiffs commenced the California Action on December 22, 2023, alleging, among other things, that the California Defendants caused TuSimple to transfer its trade secrets to Hydron, a company under Chen's control, without proper consideration.  The California Plaintiffs asserted three claims derivatively on behalf of TuSimple: (1) violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq*.; (2) violations of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1 *et seq*.; and (3) civil conspiracy.  On January 5, 2024, the California Plaintiffs moved for a temporary restraining order ("TRO") and expedited discovery on the basis that, absent injunctive relief, the California Defendants could continue expatriating TuSimple's trade secrets to Hydron and to China.

5.    The Court heard oral argument on the TRO motion on January 22, 2024 and subsequently entered a TRO and discovery order that, among other things, restricted the flow of TuSimple's U.S.-based trade secrets to Hydron and TuSimple's China-based business and limited the use of TuSimple's U.S.-based assets.  The Court determined that the California Plaintiffs raised "serious questions regarding the merits" of their claims.  After further briefing, the Court modified the TRO on February 2, 2024, based on TuSimple's input.

6.    The TRO and discovery order also allowed the California Plaintiffs to obtain discovery in support of their anticipated motion for preliminary injunction ("PI").  The TRO required TuSimple to produce, by February 6, 2024, "documents in their possession, custody or control" sufficient to "show the location of TuSimple's trade secrets" and "identify any proprietary information and/or

4

intellectual property belonging to TuSimple that has been disclosed or transferred to Hydron."

7.   TuSimple moved to dismiss the California Complaint (defined below) on January 16, 2024 based on: (1) the forum-selection clause for derivative litigation in TuSimple's Certificate of Incorporation designating Delaware as the exclusive forum; (2) the California Plaintiffs' alleged failure to plead demand futility under Rule 23.1; and (3) the California Plaintiffs' alleged failure to state a claim for trade-secret misappropriation and conspiracy.  The Court convened a hearing on February 12, 2024, concerning TuSimple's motion to dismiss.  Although the Court stated its tentative inclination to "deny the motion to dismiss without prejudice … on all three grounds," the Court has not ruled on TuSimple's motion to dismiss, which remains pending.

8.   On February 9, 2024, the California Plaintiffs moved to direct TuSimple to comply with the discovery order and produce responsive documents in the possession of TuSimple's wholly-owned Chinese subsidiaries.  On March 7, United States Magistrate Judge Berg granted Plaintiffs' motion to compel. TuSimple moved to set aside Magistrate Judge Berg's order on March 15, which motion remains pending.

9.   On February 9, 2024, the California Plaintiffs moved for a PI.  The Court heard argument on the motion on March 12.  After hearing arguments, the Court continued the PI hearing to allow the California Plaintiffs to conduct further discovery.  The Court issued an order on March 13, extending the TRO through April 8, "[b]ased on the strength of the circumstantial evidence and the need for a fully developed record consistent with the goals of expedited discovery[.]"  The Court separately granted the California Plaintiffs leave to depose Defendant Chen (TuSimple's co-founder, former Executive Chairman and CEO, and current director) and others.

10.   To allow sufficient time to conduct further discovery, on March 28, 2024, the California Plaintiffs moved to extend the TRO, which motion TuSimple opposed.  On March 29, the Court granted the motion and extended the TRO to April 29.  On April 17, the California Plaintiffs moved again to extend the TRO, which motion TuSimple opposed.  The Court granted the California Plaintiffs' motion on April 22 and extended the TRO to May 13.

11.   After additional briefing and hearings on discovery issues, in April 2024, the California Plaintiffs deposed Chen, Lu (TuSimple CEO from June 2020 to March 2022, and from November 2022 to the present), as well as former interim

5

TuSimple CEO Ersin Yumer.  TuSimple also produced documents to the California Plaintiffs.

12.     On May 3, 2024, the California Plaintiffs submitted supplemental briefing on their PI motion.  On May 8, the California Defendants responded to the California Plaintiffs' supplemental brief.  Upon receipt of the parties' supplemental briefing and evidence, on May 9, the Court *sua sponte* extended the TRO to June 10 and set the PI hearing for the same day.  The PI motion remains pending.

### The Proceedings in the Ninth Circuit

13.     On March 15, 2024, TuSimple sought interlocutory review in the United States Court of Appeals for the Ninth Circuit of the March 13, 2024 order extending the TRO, as well as the TRO-related rulings.  On March 18, TuSimple sought an emergency stay of the TRO and related discovery pending appeal.  The California Plaintiffs opposed TuSimple's emergency motion and sought dismissal for want of appellate jurisdiction.  On March 26, the Ninth Circuit denied TuSimple's emergency motion for a stay and denied the California Plaintiffs' request for dismissal "without prejudice to renewing the arguments in the answering brief."

14.     TuSimple subsequently appealed the orders extending the TRO dated March 29, 2024, April 22, 2024, and May 9, 2024.  TuSimple's appeals were consolidated and proceeded to merits briefing on an expedited basis.  TuSimple filed its opening brief on April 15.  The California Plaintiffs filed their answering brief on May 20.  TuSimple filed its reply brief on June 10.  The California Plaintiffs filed a supplemental brief on June 25.

### The Status of Proceedings

15.     Between April and June 2024, Lu, Chen, and Hou moved to dismiss the California Complaint (defined below).  Those motions remain pending.  On May 20, Hydron answered the California Complaint.

16.     In April 2024, while TuSimple's appeals were proceeding in the Ninth Circuit, the California Plaintiffs and TuSimple submitted competing briefs to the Court (in response to the Court's request) regarding the scope of the Court's jurisdiction during the pendency of TuSimple's appeals.  Based on this briefing, on June 5, 2024, the Court extended the TRO to September 15, 2024, and stayed all proceedings pending resolution of TuSimple's appeals.  The extended TRO expired on September 15, 2024.

6

17.    On July 10, 2024, the Ninth Circuit issued an order granting TuSimple's unopposed motion to stay in light of the Settlement and staying all appellate proceedings until October 8, 2024. On October 16, 2024, the Ninth Circuit ordered the California Plaintiffs and TuSimple to submit supplemental briefing by December 16, 2024 regarding the Ninth Circuit's jurisdiction to hear TuSimple's appeals given the expiration of the injunction on September 15, 2024.

## B. The Delaware Action

### The Delaware Plaintiffs File Suit

18.    The lawsuits that constitute the Delaware Action were commenced between November 28, 2022 and March 6, 2023, with the operative complaint in the Delaware Action filed on July 24, 2023 and alleging, among other things, that the Delaware Defendants caused TuSimple to transfer its trade secrets to Hydron without proper consideration, and that Chen and Hou orchestrated a purge that removed all directors other than Hou from TuSimple's board of directors and reinstated Chen and Lu as directors.

19.    The Delaware Plaintiffs asserted six claims derivatively on behalf of TuSimple: (1) breach of fiduciary duty by Chen and Hou for transfer of TuSimple's intellectual property to Hydron; (2) breach of fiduciary duty by Chen and Hou for removing the directors of TuSimple other than Hou; (3) unjust enrichment against Chen and Hou; (4) breach of fiduciary duty by certain of the Delaware Defendants who were members of the audit committee of TuSimple's board of directors; (5) an aiding and abetting claim against Hydron; and (6) an unjust enrichment claim against Hydron.  Prior to filing the operative complaint in the Delaware Action, the Delaware Plaintiffs obtained 551 pages of internal, non-public documents from TuSimple pursuant to 8 *Del. C.* § 220 relating to the claims alleged.

20.    On March 13, 2023, TuSimple's board of directors formed a special litigation committee (the "SLC") to assess and determine whether the pursuit of derivative claims in the Delaware Action would be in the Company's best interests.

### The Stay

21.    On August 18, 2023, the Delaware Court entered an agreed Stay Order, which stayed the Delaware Action until February 9, 2024 to permit the SLC to conduct its investigation.  In exchange for the Delaware Plaintiffs agreeing to stay the Action, the SLC agreed to provide— and did provide—the Delaware Plaintiffs with periodic updates regarding the status of its investigation, as well as copies of its enabling resolutions.  Delaware Plaintiffs met with the SLC on January 19, 2024

and March 10, 2024 to discuss the status of the investigation and provide the Delaware Plaintiffs' input and suggestions for the investigation.

22.    Between August 2023 and April 2024, the SLC directed its counsel to conduct an investigation of the matters forming the basis of the Delaware Action. This included interviews with the named Defendants in the Action and other Company personnel, review and analysis of numerous documents, and engagement of experts to assist the SLC with its review.

23.    On February 5, 2024, the Court entered an agreed Order extending the Stay Order until April 9, 2024, and on April 10, 2024, the Court entered an Order extending the Stay Order until June 4, 2024.

**The Mediation**

24.    In April 2024, Plaintiffs and Defendants commenced a mediation process under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises ("Judge Phillips").  On May 2, 2024, Plaintiffs, Defendants, the SLC, and their respective counsel participated in an all-day in-person mediation session before Judge Phillips in New York City.  The mediation session was preceded by the submission of mediation statements.  In advance of the mediation session, TuSimple provided the Delaware Plaintiffs with nearly 5,000 pages of documents produced in connection with the California Action, including copies of the transcripts of depositions taken in the California Action.  Following the mediation session, the parties engaged in further settlement negotiations mediated by Judge Phillips.

25.    On July 3, 2024, Judge Phillips issued a mediator's proposal.  On July 8, the Settling Parties accepted Judge Phillips's proposal to settle the California Action and the Delaware Action in exchange for a cash payment of $42.5 million for the benefit of TuSimple, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Settling Parties' agreement-in-principle to settle the Actions was memorialized in a Settlement Term Sheet executed on September 19, 2024 (the "Term Sheet").

26.    In connection with the appeal in the California Action, the Ninth Circuit on July 10, 2024, issued an order granting TuSimple's unopposed motion to stay in light of the Settlement and staying all appellate proceedings until October 8, 2024.

27.    In connection with the Delaware Action, the Delaware Court on July 9, 2024, entered an Order extending the Stay Order until the California Court renders a decision concerning the Settlement.

### C. Stipulation of Settlement and Preliminary Approval of Settlement

28.    After additional negotiations regarding the specific terms of their agreement, the Settling Parties entered into the Stipulation of Settlement (the "Stipulation") on December 18, 2024. The Stipulation, which reflects the final and binding agreement among the Settling Parties on the terms and conditions of the Settlement, can be viewed at the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx.

29.    On [_____], 202[_], the California Court preliminarily approved the Settlement, authorized this Notice to be provided to TuSimple stockholders, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

| WHAT ARE THE TERMS OF THE SETTLEMENT? |
| --- |

30.    The full terms and conditions of the Settlement are embodied in the Stipulation, which was filed with the California Court. The following is only a summary of the Stipulation.

31.    In full and final settlement of the claims asserted in the Actions and in consideration of the releases specified in paragraphs 4.1-4.2 of the Stipulation (and in paragraph 34 below), the Settling Parties have agreed to the following:

(i)    **Monetary Consideration:** Settling Defendants shall cause the Settlement Amount ($42,500,000) to be paid into an escrow account controlled by Plaintiffs' Lead Counsel (the "Escrow Account"), subject to refund if the Settlement is terminated or cancelled pursuant to the Stipulation. Within 20 Business Days of the occurrence of the Settlement's Effective Date, Plaintiffs' Lead Counsel shall transfer the Net Settlement Fund to TuSimple (*i.e.*, the Settlement Amount plus any interest earned thereon (the "Settlement Fund"), less: (i) any Court-awarded attorneys' fees and expenses paid or payable to Plaintiffs' Counsel and any reserve to account for any potential future awards to Plaintiffs' Counsel (including any Court-awarded incentive payments to Plaintiffs to be paid out of the fees and expenses awarded to Plaintiffs' Counsel); and (ii) any required Taxes and Tax Expenses, shall be transferred to TuSimple).

(ii)    **Governance:** Defendants and TuSimple acknowledge that the California and Delaware Actions played a substantial role in the amendment of the Amended and Restated Cooperation Agreement, dated April 3, 2024, by and among TuSimple and Mo Chen, whereby, among other things, Mr.

9

Chen, including through his family members and affiliates, directly or indirectly, agrees not to "solicit, initiate, discuss, negotiate, enter into or effectuate, directly or indirectly, any related party transaction between the Company or any of its subsidiaries and Hydron, Inc. or any of its subsidiaries, or . . . cause any funds of the Company or any of its subsidiaries to be used for or to advance the business of Hydron, Inc. or its subsidiaries," for a period of two years from January 16, 2024.

(iii)    **Nondisclosure Agreement Reaffirmation:**    TuSimple and Hydron affirm that they are parties to the Mutual Confidentiality and Nondisclosure Agreement (the "Nondisclosure Agreement"), entered into effective as of June 21, 2022, and that the Nondisclosure Agreement continues to remain binding on TuSimple and Hydron.

## WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT?

32.    Plaintiffs, through Plaintiffs' Counsel, have conducted an extensive investigation and engaged in discovery relating to the claims and underlying events and transactions alleged in the Actions.  Plaintiffs' Counsel have analyzed the evidence adduced during their investigation and discovery and have also researched the applicable law with respect to the claims asserted in the Actions and the potential defenses thereto.  In negotiating and evaluating the terms of the Settlement, Plaintiffs and Plaintiffs' Counsel considered the significant legal and factual defenses to Plaintiffs' claims and the expense, length, and risk of pursuing their claims through trial and appeals.  While Plaintiffs brought their claims in good faith and continue to believe that their claims have merit, Defendants vigorously argued that they had acted appropriately and are not subject to liability or damages.  In light of the substantial monetary recovery and valuable governance changes achieved by the Settlement, Plaintiffs and Plaintiffs' Counsel have determined that the proposed Settlement is fair, reasonable, adequate, and in the best interests of TuSimple and its stockholders.  The Settlement provides substantial immediate benefits to TuSimple without the risk that continued litigation could result in obtaining similar or lesser relief for TuSimple after continued extensive and expensive litigation, including trial and the appeals that were likely to follow.

33.    Throughout the course of the Actions and in the Stipulation, Settling Defendants expressly have denied, and continue to deny, any and all of the claims alleged in the respective Actions, including any and all allegations of fault, negligence, liability, wrongdoing, or damages whatsoever.  Without limiting the foregoing in any way, Settling Defendants expressly have denied, and continue to

deny, each and all of the claims and contentions alleged by Plaintiffs in the respective Actions, including claims that they have committed any breach of fiduciary duty or wrongdoing. Settling Defendants in the respective Actions expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law or statutory duty as alleged in any complaint in the Actions or that could have been alleged in the Actions, and Settling Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Settling Defendants in the respective Actions also expressly have denied, and continue to deny, that any Settling Defendant breached their fiduciary duties, was unjustly enriched, misappropriated trade secrets, or engaged in any conspiracy in connection with the sharing of any information belonging to TuSimple with Hydron or the reconstituting of TuSimple's Board of Directors in November 2022; that the California Action was brought in the appropriate forum; that demand on the TuSimple's Board of Directors was excused for the filing of the California Action; or that the Court had any legal basis or authority to enter a TRO or injunction of any kind. Settling Defendants maintain that they have meritorious defenses to all claims alleged in the respective Actions.

## WHAT WILL HAPPEN IF THE SETTLEMENT IS APPROVED? WHAT CLAIMS WILL THE SETTLEMENT RELEASE?

34.     If the Settlement is approved, the parties to the California Action will request that the California Court enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). Pursuant to the Judgment, upon the Effective Date of the Settlement, the following releases will occur:

**Release of Claims by Plaintiffs, the Company, the SLC, and the Company's current stockholders:** Plaintiffs, the Company, the SLC, and the Company's current stockholders (collectively, the "Releasing Plaintiffs Persons") shall be deemed to have, and by operation of the Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs Claims (defined below) against each and every one of the Released Defendants Persons (defined below) and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Plaintiffs Claims against any and all of the Released Defendants Persons.

11

"Released Plaintiffs Claims" means any and all Claims that (*i*) the California Plaintiffs (*x*) asserted in the Verified Shareholder Derivative Complaint dated December 22, 2023 (the "California Complaint") or (*y*) could have asserted derivatively on behalf of the Company in the California Complaint or in any other forum that are based on, arise out of, or relate to the allegations or circumstances set forth in the California Complaint, except for claims relating to the enforcement of the Settlement; or (*ii*) that the Delaware Plaintiffs (*x*) asserted in any of the complaints filed in the Delaware Action, including the Verified Amended Derivative Complaint dated July 24, 2023 (the "Consolidated Delaware Complaint") and the Verified Derivative Complaints filed on November 28, 2022, December 15, 2022, and March 6, 2023 (the "Predecessor Delaware Complaint"), or (*y*) could have asserted derivatively on behalf of the Company in the Consolidated Delaware Complaint or in any other forum that are based on, arise out of, or relate to the allegations or circumstances set forth in the Consolidated Delaware Complaint or Predecessor Delaware Complaints, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, the Released Plaintiffs Claims do not cover, include, or release (i) any and all direct Claims of any current or former stockholder of TuSimple, including without limitation any claims asserted under the federal securities laws, including without limitation the claims asserted in *Dicker, et al. v TuSimple Holdings, Inc., et al.*, Case No. 3:22-cv-01300-BEN-MSB (S.D. Cal.); (ii) Hou Unreleased Claims; and (iii) any and all direct or derivative Claims arising out of or relating to actions taken by directors and officers of TuSimple after December 23, 2023, that do not relate to or arise from, in whole or in part, the safety of TuSimple's technology or the Transfer of Information by Released Defendants Persons with Hydron and any person or entity acting on its behalf.

"Released Defendants Persons" means Defendants, any other individual named as a defendant in any complaint filed in the Delaware Action or the California Action, the Company, and any entity in which the Company has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys (in their capacities as such).

"Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiffs Person do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendants Persons, which, if

known by him, her, or it, might have affected his, her, or its settlement with and
release of the Released Defendants Person, or might have affected his, her, or
its decision(s) with respect to the Settlement, including, but not limited to,
whether or not to object to this Settlement; and (b) any and all Released
Defendants Claims that any of the Releasing Defendants Persons do not know
or suspect to exist in his, her, or its favor at the time of the release of the
Released Plaintiffs Persons, which, if known by him, her, it, or them might have
affected his, her, its, or their settlement and release of the Released Plaintiffs
Persons.  With respect to (a) any and all Released Plaintiffs Claims against the
Released Defendants Persons, and (b) any and all Released Defendants Claims
against the Released Plaintiffs Persons, the Settling Parties stipulate and agree
that, upon the Effective Date, the Settling Parties shall expressly waive, and
each of the Releasing Plaintiffs Parties and Releasing Defendants Parties shall
be deemed to have, and by operation of the Judgment shall have expressly
waived, the provisions, rights, and benefits of California Civil Code §1542,
which provides:

> A general release does not extend to claims that the creditor or
> releasing party does not know or suspect to exist in his or her
> favor at the time of executing the release and that, if known by
> him or her, would have materially affected his or her settlement
> with the debtor or released party.

The Settling Parties shall expressly waive, and each of the Releasing Plaintiffs
Persons and Releasing Defendants Persons shall be deemed to have, and by
operation of the Judgment shall have, expressly waived any and all provisions,
rights, and benefits conferred by any law of any state or territory of the United
States, or principle of common law, which is similar, comparable, or
equivalent to California Civil Code §1542.  The Releasing Plaintiffs Persons
and Releasing Defendants Persons acknowledge that they may hereafter
discover facts, legal theories, or authorities in addition to or different from
those which he, she, it, or their counsel now knows or believes to be true with
respect to the subject matter of the Released Plaintiffs Claims or Released
Defendants Claims, but (a) the Releasing Plaintiffs Persons shall expressly
fully, finally, and forever waive, compromise, settle, discharge, extinguish,
and release, and each of the Releasing Plaintiffs Persons shall be deemed to
have waived, compromised, settled, discharged, extinguished, and released,
and upon the Effective Date, and by operation of the Judgment shall have
waived, compromised, settled, discharged, extinguished, and released, fully,
finally, and forever, any and all Released Plaintiffs Claims against the
Released Defendants Persons, known or unknown, suspected or unsuspected,

13

contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Releasing Defendants Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each of the Releasing Defendants Persons shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants Claims against the Released Plaintiffs Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiffs Person and Releasing Defendants Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

**Release of Claims by Settling Defendants, the Company, and the SLC:** Settling Defendants, the Company, and the SLC (collectively, the "Releasing Defendants Persons") shall be deemed to have, and by operation of the Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Defendants Claims (defined below) against each and every one of the Released Plaintiffs Persons (defined below) and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Defendants Claims against any and all of the Released Plaintiffs Persons.

"Released Defendants Claims" means any and all Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the California

Action or the Delaware Action, except for claims relating to the enforcement of the Settlement.

"Released Plaintiffs Persons" means California Plaintiffs and the Delaware Plaintiffs, and any entity in which the California Plaintiffs or the Delaware Plaintiffs has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys (in their capacities as such).

35.    By Order of the Court, (i) all proceedings in the California Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation have been stayed until otherwise ordered by the Court; and (ii) pending final determination of whether the Settlement should be approved, the commencement or prosecution of any action asserting any Released Plaintiffs Claims against any of the Released Defendants Persons, as well as any action asserting any Released Plaintiffs Claims against any of the Released Defendants Persons, have been barred and enjoined.

## HOW WILL THE ATTORNEYS BE PAID?

36.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims asserted in the Actions, nor have Plaintiffs' Counsel been paid for their out-of-pocket expenses.  Plaintiffs' Counsel invested their own resources for pursuing the claims asserted in the Actions on a contingency basis, meaning they would only recover their expenses and be compensated for their time if they created benefits through this litigation.  In light of the risks undertaken in pursuing the Actions on a contingency basis and the benefits created for TuSimple and its stockholders through the Settlement and the prosecution of the claims asserted in the Actions, Plaintiffs' Lead Counsel, on behalf of all Plaintiffs' Counsel, intend to file with the California Court a Fee and Expense Application seeking an award of attorneys' fees and litigation expenses to be paid from (and out of) the Settlement Fund.  The Fee and Expense Application will seek an award of attorneys' fees for all Plaintiffs' Counsel in an amount up to 30% of the Settlement Fund ($12,750,000), with due consideration given to both the cash settlement and the corporate governance reforms, and payment of litigation expenses in an amount not to exceed $450,000.  The Fee and Expense Application may include a petition for proposed incentive awards not to exceed $7,500 for each of the Plaintiffs in recognition of the benefits they have helped to create for TuSimple and its stockholders (the "Service

15

Awards"). Any Service Awards approved by the Court shall be funded from the portion of the Fee and Expense Award distributed to the Plaintiffs' Counsel.

37. The California Court will determine the amount of any attorney fee and expense award to Plaintiffs' Counsel (the "Fee and Expense Award"), including any Service Awards to Plaintiffs, which, if awarded, will be paid out the Fee and Expense Award. Any Court-approved Fee and Expense Award will be paid from the Settlement Fund. TuSimple stockholders are not personally liable for any such fees or expenses.

> WHEN AND WHERE WILL THE SETTLEMENT FAIRNESS HEARING BE HELD? DO I HAVE THE RIGHT TO APPEAR AT THE SETTLEMENT FAIRNESS HEARING? MAY I OBJECT TO THE SETTLEMENT AND SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

38. The Court will consider the Settlement and all matters related to the Settlement at the Settlement Fairness Hearing. The Settlement Fairness Hearing will be held on [_____], 2025, at [_]:[_] [_].m., before the Honorable Roger T. Benitez at the United States District Court for the Southern District of California, Courtroom 5A (Fifth Floor) of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101.

39. At the Settlement Fairness Hearing, the California Court will, among other things: (i) determine whether the California Plaintiffs and California Plaintiffs' Lead Counsel have adequately represented the interests of TuSimple and its stockholders; (ii) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to TuSimple and its stockholders, and should be approved by the Court; (iii) determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the California Action with prejudice; (iv) determine whether the Fee and Expense Application should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

40. <u>Please Note</u>: The California Court has reserved the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the Fee and Expense Application, without further notice of any kind other than by oral announcement at the Settlement Fairness Hearing or any adjournment thereof. The Court has further reserved the right to approve the Stipulation and the Settlement, at or after the Settlement Fairness Hearing, with such modifications as

may be consented to by the Settling Parties and without further notice to TuSimple stockholders. The Settlement Fairness Hearing may be converted to a hearing by Zoom or telephone, in which case information about how to attend the hearing remotely will be provided on the docket. You should monitor the Court's docket and the websites of California Plaintiffs' Lead Counsel, as indicated in paragraph 47 below, before making plans to attend the Settlement Fairness Hearing. You may also confirm the date and time of the Settlement Fairness Hearing by contacting California Plaintiffs' Lead Counsel as indicated in paragraph 47 below.

41.     Any TuSimple stockholder who or which continues to hold shares of TuSimple common stock as of [_____], 2025, the date of the Settlement Fairness Hearing, may object to the Settlement or the Fee and Expense Application. Objections must be in writing and filed with the Office of the Clerk of the Court, United States District Court for the Southern District of California, at the address set forth below address set forth below on or before [_____], 2024. Objections must also be served on California Plaintiffs' Lead Counsel and TuSimple's Counsel by hand, first class U.S. mail, or express service, at the addresses set forth below such that they are **_received_** **on or before [_____], 2025**.

Clerk of the Court

United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

California Plaintiffs' Lead Counsel

| | |
|---|---|
| Jeroen van Kwawegen | Francis A. Bottini, Jr. |
| Bernstein Litowitz Berger | Albert Y. Chang |
| & Grossmann LLP | Bottini & Bottini, Inc. |
| 1251 Avenue of the Americas | 7817 Ivanhoe Avenue, Suite 102 |
| New York, NY 10020 | La Jolla, CA 92037 |

TuSimple's Counsel

Robert Kingsley Smith
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

17

42.     Any objections, filings, and other submissions must:  (a) state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) be signed by the objector; (c) state that the objection is being filed with respect to "*Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB (S.D. Cal.)"; (d) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Fairness Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (e) include (i) documentation sufficient to prove the date on which the objector acquired shares of TuSimple common stock, (ii) documentation sufficient to prove that the objector continues to hold shares of TuSimple common stock as of the date of filing of the objection, and (iii) a statement that the objector will continue to hold shares of TuSimple common stock as of the date of the Settlement Fairness Hearing.  Documentation establishing ownership of TuSimple common stock must consist of copies of an official brokerage account statement, a screen shot of an official brokerage account, or an authorized statement from the objector's broker containing the information found in an account statement.  The Settling Parties are authorized to request from any objector additional information or documentation sufficient to prove his, her, or its holdings of TuSimple common stock.

43.     TuSimple stockholders who or which continue to hold shares of TuSimple common stock as of the date of the Settlement Fairness Hearing may file a written objection without having to appear at the Settlement Fairness Hearing. Unless the Court orders otherwise, however, such persons may not appear at the Settlement Fairness Hearing to present their objections unless they first filed and served a written objection in accordance with the procedures described above.

44.     Persons who file and serve a timely written objection as described above and who wish to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement or the Fee and Expense Application, must also file a notice of appearance with the Clerk of the Court and serve it on California Plaintiffs' Lead Counsel and TuSimple's Counsel at the addresses set forth in paragraph 41 above so that it is ***received*** on or before [_____], 2025.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

45.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on California Plaintiffs' Lead Counsel and TuSimple's Counsel at the addresses set forth in paragraph 41 above so that the notice is *received* on or before [_____], 2025.

46.    Unless the Court orders otherwise, any person or entity who or which does not make his, her, or its objection in the manner set forth above will: (i) be deemed to have waived and forfeited his, her, or its right to object, including any right of appeal, to any aspect of the proposed Settlement and the Fee and Expense Application; (ii) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys' fees and expenses requested or awarded, including any Service Awards to the Plaintiffs; and (iii) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, including on any appeal, with respect to any matters concerning the Settlement or the requested or awarded attorneys' fees and expenses, including any Service Awards to the Plaintiffs.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

47.    This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx.  You may also view a copy of the Stipulation by accessing the Court docket in the California Action, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov, or by visiting the Office of the Clerk of the Court, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101, between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  Copies of the Stipulation and other important case documents are also available on California Plaintiffs' Lead Counsel's websites:  www.blbglaw.com and www.bottinilaw.com.  If you have questions regarding the Actions or the Settlement, you may write, call, or email California Plaintiffs' Lead Counsel:  Jeroen van Kwawegen, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com; Francis A. Bottini, Jr., Albert Y. Chang, Bottini & Bottini, Inc., 7817 Ivanhoe Avenue, Suite 102, La Jolla, CA 92037, (858) 914-2001, fbottini@bottinilaw.com, achang@bottinilaw.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE
CLERK OF THE COURT TO INQUIRE ABOUT THIS SETTLEMENT**

Dated: _____, 202[ ]                    By Order of the Court
                                               United States District Court
                                               Southern District of California

20

EXHIBIT A-2

1   BOTTINI & BOTTINI, INC.
2   Francis A. Bottini, Jr. (SBN 175783)
    Albert Y. Chang (SBN 296065)
3   Aaron P. Arnzen (SBN 218272)
    7817 Ivanhoe Avenue, Suite 102
4   La Jolla, California 92037
5   Telephone:   (858) 914-2001
    Facsimile:   (858) 914-2002
6
7   BERNSTEIN LITOWITZ BERGER &
       GROSSMANN LLP
8   Gregory V. Varallo (*pro hac vice*)
9   500 Delaware Avenue, Suite 901
    Wilmington, Delaware 19801
10  Telephone: (302) 364-3600
11  *Attorneys for Plaintiffs*
    *Norman Wilhoite and Judith Wilhoite*
12
13              UNITED STATES DISTRICT COURT
14             SOUTHERN DISTRICT OF CALIFORNIA

15  NORMAN WILHOITE and JUDITH          Case No. 23cv2333 BEN (MSB)
    WILHOITE, derivatively on behalf of
16  TUSIMPLE HOLDINGS, INC.,            **SUMMARY NOTICE OF**
17                        Plaintiffs,   **PENDENCY AND PROPOSED**
                                        **SETTLEMENT OF DERIVATIVE**
18           vs.                        **ACTIONS**
19  XIAODI HOU, MO CHEN, CHENG
    LU, GUOWEI "CHARLES" CHAO,
20  and HYDRON, INC.,
21                        Defendants,
22           - and -
23  TUSIMPLE HOLDINGS, INC.,
24                     Nominal Defendant.
25  TO:   ALL PERSONS OR ENTITIES WHO OR WHICH HOLD SHARES OF
26        TUSIMPLE HOLDINGS, INC. ("TUSIMPLE" OR THE "COMPANY")
27        COMMON STOCK.
28

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOUR RIGHTS WILL BE AFFECTED BY THE ACTION.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "California Court"), of the pendency of the stockholder derivative action captioned *Wilhoite, et al. v. Hou, et al*., Case No. 3:23-cv-02333-BEN-MSB, pending in the California Court, and the stockholder derivative action captioned *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095-PAF (the "Delaware Action" and, together with the California Action, the "Actions"), pending in the Court of Chancery of the State of Delaware.

YOU ARE ALSO NOTIFIED that the Settling Parties have reached a proposed settlement of the Actions (the "Settlement"), subject to the approval of the California Court, as provided in a Stipulation of Settlement dated December 18, 2024 (the "Stipulation").  Under the terms of the proposed Settlement, Settling Defendants will cause to be paid $42,500,000 in cash into an escrow account, which together with any interest earned on the cash payment and less any deductions for attorneys' fees and expenses for Plaintiffs' Counsel (including any incentive awards to Plaintiffs) and any applicable taxes and tax expenses, will be paid to the Company. Additionally, pursuant to the Settlement (i) Settling Defendants and TuSimple acknowledge that the Actions played a substantial role in the amendment of the Amended and Restated Cooperation Agreement, dated April 3, 2024, by and among TuSimple and Mo Chen and (ii) TuSimple and Hydron affirm that they are parties to the Mutual Confidentiality and Nondisclosure Agreement that continues to remain binding on TuSimple and Hydron.

A more detailed description of the Settlement terms, as well as a description of the history of the Actions and an explanation of stockholders' legal rights with respect to the Settlement, is provided in the full printed Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions (the "Notice").  The Notice and the Stipulation are publicly available on the "Investor Relations" section of the Company's website, https://ir.tusimple.com/overview/default.aspx, and on California Plaintiffs' Lead Counsel's websites: www.blbglaw.com and www.bottinilaw.com.

The California Court will consider the Settlement and all matters related to the Settlement at the Settlement Fairness Hearing.  The Settlement Fairness Hearing will be held on [_____], 2025, at [_]:[__] [_].m., before the Honorable Roger T. Benitez at the United States District Court for the Southern District of California, Courtroom 5A (Fifth Floor) of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101.  At the Settlement Fairness

2

Hearing, the California Court will, among other things: (i) determine whether the California Plaintiffs and California Plaintiffs' Lead Counsel have adequately represented the interests of TuSimple and its stockholders; (ii) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to TuSimple and its stockholders, and should be approved by the Court; (iii) determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the California Action with prejudice; (iv) determine whether the application by California Plaintiffs' Lead Counsel, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and litigation expenses, including any application for an incentive award to each of the Plaintiffs (the "Fee and Expense Application"), should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.  Stockholders do not need to attend the Settlement Fairness Hearing.

<u>Please Note</u>:  The California Court has reserved the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the Fee and Expense Application, without further notice of any kind other than by oral announcement at the Settlement Fairness Hearing or any adjournment thereof.  The Court has further reserved the right to approve the Stipulation and the Settlement, at or after the Settlement Fairness Hearing, with such modifications as may be consented to by the Settling Parties and without further notice to TuSimple stockholders.  The Settlement Fairness Hearing may be converted to a hearing by Zoom or telephone, in which case information about how to attend the hearing remotely will be provided on the docket.  You should monitor the Court's docket and the websites of California Plaintiffs' Lead Counsel, as indicated below, before making plans to attend the Settlement Fairness Hearing.  You may also confirm the date and time of the Settlement Fairness Hearing by contacting California Plaintiffs' Lead Counsel as indicated below.

If you are a TuSimple stockholder who or which continues to hold shares of TuSimple common stock as of [＿＿＿＿＿＿＿], 2025, the date of the Settlement Fairness Hearing, you may object to the proposed Settlement and the Fee and Expense Application in writing, and you also have the right to appear at the Settlement Fairness Hearing.  Any objections must be in writing and filed with the Clerk of the Court for the United States District Court for the Southern District of California and delivered to California Plaintiffs' Lead Counsel and TuSimple's Counsel such that they are ***received* no later than [＿＿＿＿＿＿], 2025**, in accordance with the instructions set forth in the Notice.

<u>Please Note</u>:  Because the Actions were brought as derivative actions, which means that the Actions were brought by Plaintiffs on behalf of, and for the benefit

3

of, TuSimple, the cash recovery from the Settlement will go to the Company. Individual TuSimple stockholders will not receive any direct payment from the Settlement.  Also, please note that there is no proof of claim form for stockholders to submit in connection with this Settlement, and stockholders are not required to take any action in response to this notice.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT TO INQUIRE ABOUT THIS SETTLEMENT.**

All questions regarding this notice and the Settlement should be made to California Plaintiffs' Lead Counsel:

| | |
|---|---|
| Jeroen van Kwawegen<br>Bernstein Litowitz Berger &<br>Grossmann LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | Francis A. Bottini, Jr.<br>Albert Y. Chang<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037 |
| Telephone:  (800) 380-8496<br>Email:  settlements@blbglaw.com<br>Website:  www.blbglaw.com | Telephone:  (858) 914-2001<br>Email:  fbottini@bottinilaw.com<br>achang@bottinilaw.com<br>Website:  www.bottinilaw.com |

Dated: _____, 202[ ]

By Order of the Court
United States District Court
Southern District of California

4

**EXHIBIT A-3**

**<u>LEGAL NOTICE</u>**
*Wilhoite vs. Hou et al.*
No. 3:23-cv-02333-BEN-MSB (S.D. Cal.)
c/o [_____]
[_____]

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a stockholder derivative action settlement.

This notice may affect your legal rights. Please read it carefully.

*Wilhoite vs. Hou, et al.*
No. 3:23-cv-02333-BEN-MSB (S.D. Cal.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT https://ir.tusimple.com/overview/default.aspx FOR MORE INFORMATION

If you are a stockholder of TuSimple Holdings, Inc. ("TuSimple" or the "Company") you are entitled to notice of the proposed settlement ("Settlement") reached in the actions captioned *Wilhoite v. Hou et al.*, Dkt. No. 3:23-cv-02333-BEN-MSB, pending in the U.S. District Court for the Southern District of California (the "California Court"), and *In re TuSimple Holdings, Inc. Shareholder Litigation*, C.A. No. 2022-1095-PAF, pending in the Court of Chancery of the State of Delaware (the "Actions"), and brought derivatively on behalf of the Company against certain current and former directors and officers of TuSimple, Hydron, Inc. ("Hydron"), and nominal defendant TuSimple ("Defendants").

The proposed Settlement would resolve claims for breach of fiduciary duty, trade secret misappropriation, unjust enrichment, and conspiracy brought by Plaintiffs, on behalf of the Company, against Defendants. The Settlement: (i) provides for a cash payment of $42,500,000, which, after any deductions for attorneys' fees and expenses for Plaintiffs' Counsel (including any incentive awards to Plaintiffs) and any applicable taxes and tax expenses, will be paid to the Company; and (ii) recognizes that the Actions played a substantial role in certain corporate governance reforms. For a full description of the proposed Settlement and your rights, you may obtain the Stipulation of Settlement (the "Stipulation") filed with the California Court and the long-form Notice of Pendency and Proposed Settlement of Derivative Actions (the "Notice") by visiting the "Investor Relations" section of the Company's website: https://ir.tusimple.com/overview/default.aspx. The Settling Defendants deny the allegations in the Actions and any liability or wrongdoing of any kind.

A Settlement Fairness Hearing will be held on [_____], 2025, at [__]:[__] [_].m., before Judge Roger T. Benitez, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, as set forth in the Stipulation; whether California Plaintiffs' Lead Counsel's application for an award of attorneys' fees in an amount up 30% of the Settlement Fund ($12,750,000) and expenses in an amount not to exceed $450,000, should be granted; and whether incentive awards not to exceed $7,500 for each of the Plaintiffs in connection with their representation of the Company, should be granted. Any objections to the Settlement or the fee and expense application must be submitted no later than [_____], 2025, in accordance with the instructions set forth in the Notice.

If you have questions regarding the Actions or the Settlement, you may write, call, or email California Plaintiffs' Lead Counsel: Jeroen van Kwawegen, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com; Francis A. Bottini, Jr., Albert Y. Chang, Bottini & Bottini, Inc., 7817 Ivanhoe Avenue, Suite 102, La Jolla, CA 92037, (858) 914-2001, fbottini@bottinilaw.com, achang@bottinilaw.com.

The California Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the websites of California Plaintiffs' Lead Counsel, www.blbglaw.com and www.bottinilaw.com, for updates.

**Exhibit B**

1

2  BOTTINI & BOTTINI, INC.
   Francis A. Bottini, Jr. (SBN 175783)
3  Albert Y. Chang (SBN 296065)
   Aaron P. Arnzen (SBN 218272)
4  7817 Ivanhoe Avenue, Suite 102
   La Jolla, California 92037
5  Telephone:  (858) 914-2001
6  Facsimile:   (858) 914-2002
7
   BERNSTEIN LITOWITZ BERGER &
8     GROSSMANN LLP
9  Gregory V. Varallo (*pro hac vice*)
   500 Delaware Avenue, Suite 901
10 Wilmington, Delaware 19801
11 Telephone: (302) 364-3600
12 *Attorneys for Plaintiffs*
   *Norman Wilhoite and Judith Wilhoite*
13

14               UNITED STATES DISTRICT COURT
15             SOUTHERN DISTRICT OF CALIFORNIA

16 NORMAN WILHOITE and JUDITH          Case No. 23cv2333 BEN (MSB)
   WILHOITE, derivatively on behalf of
17 TUSIMPLE HOLDINGS, INC.,            **FINAL JUDGMENT AND**
18                          Plaintiffs, **ORDER OF DISMISSAL**
                                        **WITH PREJUDICE**
19            vs.
20 XIAODI HOU, MO CHEN, CHENG
   LU, GUOWEI "CHARLES" CHAO,
21 and HYDRON, INC.,
22                        Defendants,
23         - and -
24 TUSIMPLE HOLDINGS, INC.,
25                 Nominal Defendant.

26

27

28

WHEREAS, a consolidated stockholder derivative action is pending in this Court entitled *Wilhoite, et al. v. Hou, et al.*, Case No. 3:23-cv-02333-BEN-MSB (the "California Action");

WHEREAS, (a) plaintiffs in the California Action: Norman Wilhoite and Judith Wilhoite (the "California Plaintiffs"), derivatively on behalf of TuSimple Holdings, Inc. ("TuSimple" or the "Company"); (b) settling defendants in the California Action: Guowei "Charles" Chao, Cheng Lu, Mo Chen, and Hydron, Inc. ("Hydron") and Nominal Defendant TuSimple (collectively, the "Settling California Defendants"); (c) plaintiffs in the consolidated stockholder derivative action pending in the Court of Chancery of the State of Delaware (the "Delaware Court"), captioned as *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095-PAF (the "Delaware Action" and, together with the California Action, the "Actions"): Jason Nusbaum and Richard A. Green (collectively, the "Delaware Plaintiffs" and, together with the California Plaintiffs, "Plaintiffs"); (d) settling defendants in the Delaware Action: Mo Chen, Brad Buss, Karen Francis, Reed Werner, and Hydron and Nominal Defendant TuSimple (collectively, the "Settling Delaware Defendants" and, together with the Settling California Defendants, "Settling Defendants"); and (e) the Special Litigation Committee (the "SLC") of the Board of Directors of TuSimple, acting for and on behalf of TuSimple (Plaintiffs, Settling Defendants, and the SLC, together, the "Settling Parties"), have reached a proposed settlement on the terms and conditions set forth in the Stipulation of Settlement dated December 18, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement").

WHEREAS, the Settlement provides for a complete dismissal with prejudice of the claims asserted in the Actions;

WHEREAS, by Order dated [_____], 202[ ] (the "Preliminary Approval Order"), this Court (a) preliminarily approved the proposed Settlement;

1

(b) ordered that notice of the proposed Settlement be provided to TuSimple stockholders; (c) provided TuSimple stockholders with the opportunity to object to the proposed Settlement and California Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses, including any incentive award payments to the California Plaintiffs (the "Fee and Expense Application"); and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a hearing on [_____], 2025 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the California Plaintiffs and California Plaintiffs' Lead Counsel have adequately represented the interests of TuSimple and its stockholders; (b) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to TuSimple and its stockholders, and should be approved by the Court; (c) to determine whether this Judgment should be entered dismissing the California Action with prejudice; (d) determine whether the Fee and Expense Application should be approved; and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement; and

WHEREAS, it appearing that due notice of the terms of the Settlement and the releases thereunder and the Settlement Fairness Hearing has been given in accordance with the Preliminary Approval Order; the Settling Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement; the attorneys for the respective Settling Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to TuSimple stockholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

2

DECREED, this ___ day of _____, 2025, as follows:

1.    **Definitions** – Unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meaning as they have in the Stipulation.

2.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the California Action, including all matters necessary to effectuate the Settlement and this Judgment and over all parties to the California Action and TuSimple stockholders.

3.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on [_____], 2024; and (b) the Notice and Summary Notice, which were filed with the Court on [_____], 2025.

4.    **Derivative Action Properly Maintained; Adequacy of California Plaintiffs and California Plaintiffs' Lead Counsel** – Based on the record in the California Action, each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied and the California Action has been properly maintained according to Rule 23.1.  The California Plaintiffs and California Plaintiffs' Lead Counsel have adequately represented the interests of TuSimple and its stockholders both in terms of litigating the California Action and for purposes of entering into and implementing the Settlement.

5.    **Notice** – The Court finds that the mailing or emailing of the Postcard Notice and publishing of the Notice and Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise TuSimple stockholders of: (i) the pendency of the Actions; (ii) the effect of the proposed Settlement (including the releases to be provided under the Stipulation); (iii) the Fee and Expense Application; (iv) their right to object to the Settlement and the Fee and

Expense Application; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23.1, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the Settlement consideration; the releases under the Settlement, including the release of the Released Plaintiffs Claims as against the Released Defendants Persons; and the dismissal with prejudice of the claims asserted in the California Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to TuSimple and its stockholders.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The California Action is hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all TuSimple stockholders, as well as their respective successors and assigns.

9.    **Releases** – The releases set forth in paragraphs 4.1 and 4.2 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, the Releasing Plaintiffs Persons

shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs Claims against each and every one of the Released Defendants Persons and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum) asserting any of the Released Plaintiffs Claims against any and all of the Released Defendants Persons.

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, the Releasing Defendants Persons shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Defendants Claims against each and every one of the Released Plaintiffs Persons and shall forever and permanently be barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Defendants Claims against any and all of the Released Plaintiffs Persons.

10.    Notwithstanding paragraphs 9(a)-(b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce the terms of the Stipulation or this Judgment.  Also, for the avoidance of doubt, the Released Plaintiffs Claims do not cover, include, or release any direct claims of any current or former stockholder of TuSimple, including without limitation any claims

asserted under the federal securities laws, including without limitation the claims asserted in *Dicker, et al. v TuSimple Holdings, Inc., et al.*, Case No. 3:22-cv-01300-BEN-MSB (S.D. Cal.).

11. **No Admissions** – Neither this Judgment, the Settlement, the Term Sheet, the Stipulation (whether or not consummated), including the Exhibits thereto, the negotiations leading to the execution of the Term Sheet, the Stipulation, and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Released Defendants Persons of the truth of any allegations by Plaintiffs or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs Claims, or of any liability, damages, negligence, fault, omission, or wrongdoing of any kind of any of the Released Defendants Persons or in any way referred to for any other reason as against any of the Released Defendants Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered or received against or to the prejudice of the Released Plaintiffs Persons as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Actions, including, but not limited to, litigation of the Released Plaintiffs Claims;

6

(c)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendants Persons, or against the Released Plaintiffs Persons as evidence of any infirmity in the claims of Plaintiffs;

(d)    shall be offered or received against or to the prejudice of any Released Defendants Persons as evidence of a presumption, concession, or admission of any liability, damages, negligence, fault, omission, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; provided, however, that Defendants and the Released Defendants Persons may refer to it to effectuate the release granted them under the Stipulation; or

(e)    shall be construed against the Released Defendants Persons or the Released Plaintiffs Persons as evidence of a presumption, concession, or admission that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement.

12.    A separate order shall be entered regarding Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses and service awards to Plaintiffs. Such order shall in no way disturb or affect the finality of this Judgment, shall be considered separate from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the parties to the California Action and all TuSimple stockholders for purposes of the

administration, interpretation, implementation, and enforcement of the Settlement.

14. **Modification of the Stipulation** – Any further amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement shall only be made with the prior approval of the Court.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties or any TuSimple stockholders, and the parties to the Actions shall be restored to their respective positions in the Actions as of immediately prior to the execution of the Term Sheet on September 19, 2024.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in the California Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in the California Action.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Roger T. Benitez
United States District Judge

8