UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN WILHOITE and JUDITH WILHOITE, derivatively on behalf of TUSIMPLE HOLDINGS, INC., <br><br>    Plaintiffs, <br><br>vs. <br><br>XIAODI HOU, MO CHEN, CHENG LU, GUOWEI "CHARLES" CHAO, and HYDRON, INC., <br><br>    Defendants, <br><br>- and - <br><br>TUSIMPLE HOLDINGS, INC., <br><br>    Nominal Defendant. | Case No. 23cv2333 BEN (MSB) <br><br>The Honorable Roger T. Benitez <br><br>**Order Granting an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Service Awards** |

This matter having come before the Court on July 18, 2025, on Plaintiffs' motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Service Awards (the "Fee and Expense Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated December 19, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of this application and all matters relating thereto, as well as personal jurisdiction over all parties to the litigation.

3. Notice of Plaintiffs' Counsel's Fee and Expense Application was given to all current shareholders of Nominal Defendant TuSimple Holdings, Inc. ("TuSimple") who could be identified with reasonable effort. There were no objections to the Fee and Expense Application. The form and method of notifying current TuSimple shareholders of the Fee and Expense Application met the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. This constituted the best notice practicable under the circumstances and due and sufficient notice to all persons entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees of 27.5% of the $42.5 million Settlement Amount ($11,687,500.00), plus expenses in the amount of $328,216.05, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid, consistent with paragraphs 1.16, 1.40 and 5.5 of the Stipulation.

5. The Court finds that the amount of fees awarded is fair, reasonable, and

1

Order Granting an Award of Attorneys' Fees,
Reimbursement of Litigation Expenses,
and Approval of Service Awards

Case No. 23cv2333 BEN (MSB)

appropriate under either the "percentage-of-recovery" or lodestar methods.

6. Plaintiffs have established that (a) the corporate governance reforms achieved in the Settlement are valuable; and (b) the $42.5 million Settlement Amount achieved is an exceptional result in a shareholder derivative litigation. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("derivative lawsuits are rarely successful"); *see also Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983) (shareholder derivative actions generally are "notoriously difficult and unpredictable").

7. The requested 27.5% of the Settlement Amount does not include the value of the corporate governance reforms. And to the extent that the requested fees constitutes an upward adjustment of 2.5% from the 25% benchmark,[1] such a modest adjustment is warranted based on the special circumstances presented here, including:

- the results achieved that include the governance reforms over and above the $42.5 million monetary recovery;
- the fact that Plaintiffs' counsel obtained temporary restraining orders and defended them on appeal;
- the quality of services provided; and
- the risks taken by Plaintiffs' Counsel.

*See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (requiring that district courts "provid[e] adequate explanation in the record of any 'special circumstances' justifying a departure [from the benchmark]"); *see also*, *e.g.*, *Ziegler v. GW Pharms., PLC*, 2024 WL 1470532, at *10 (S.D. Cal. Mar. 25, 2024) (approving 33.33% of the settlement fund where "Class Counsel secured a settlement of $7,750,000 which is significant in a pre-motion to dismiss merger settlement"); *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (departing upward from the 25% benchmark based in part on the finding "that the

---

[1] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("the 'benchmark' award is 25 percent of the recovery obtained") (citations omitted).

2

Order Granting an Award of Attorneys' Fees,    Case No. 23cv2333 BEN (MSB)
Reimbursement of Litigation Expenses,
and Approval of Service Awards

benefits to [the company] are reasonable in light of the risks present in the instant case and in derivative litigation generally").

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $42,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and TuSimple and its shareholders will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) Postcard notices were emailed or mailed by first-class mail to all record and beneficial holders of TuSimple common stock known to TuSimple as of October 28, 2024, indicating that Plaintiffs' Counsel would move for attorneys' fees in an amount not to exceed 30% of the $42.5 million Settlement Amount and for expenses in an amount not to exceed $450,000, and there have been no objections to the requested attorneys' fees or expenses;

(c) Plaintiffs' Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Plaintiffs' Counsel have devoted more than 6,825.53 hours, with a lodestar value of $5,520,883.95, to achieve the Settlement. A fee of 27.5% of the Settlement Amount represents a multiplier of 2.12 to the aggregate lodestar;

(e) Plaintiffs' Counsel pursued the Litigation on a contingent basis;

(f) The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that TuSimple may have recovered less or nothing from Defendants;

(h) Public policy concerns favor the award of reasonable attorneys' fees

3

Order Granting an Award of Attorneys' Fees,
Reimbursement of Litigation Expenses,
and Approval of Service Awards

Case No. 23cv2333 BEN (MSB)

and expenses in securities class action litigation; and

      (i)    The attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

9.    Consistent with paragraph 5.2 of the Stipulation, Plaintiffs' Lead Counsel shall be solely responsible for allocating the attorneys' fees among Plaintiffs' Counsel.

10.    The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to California Plaintiffs' Lead Counsel immediately upon execution of this Order and the Judgment and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 5 thereof, which terms, conditions, and obligations are incorporated herein.

11.    Plaintiffs Norman Wilhoite, Judith Wilhoite, Jason Nusbaum, and Richard A. Green are granted a Service Award in the amount of $7,500 each, for their time spent directly related to their representation of TuSimple in the Actions.

12.    Any appeal or any challenge affecting this Court's approval regarding the Fee and Expense Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

13.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

14.    In sum, the Fee and Expense Application is granted in its entirety.

IT IS SO ORDERED.

Dated: July 23, 2025

                                The Honorable Roger T. Benitez
                                United States District Judge

4

Order Granting an Award of Attorneys' Fees,              Case No. 23cv2333 BEN (MSB)
Reimbursement of Litigation Expenses,
and Approval of Service Awards